FILED
United States Court of Appeals
Tenth Circuit

December 20, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PAUL ANDREW LARSON,

Defendant-Appellant.

No. 09-4172

**Appeal from the United States District Court
for the District of Utah
(D.C. No. 2:06-CR-00572-TC-PMW-1)**

Randall Gaither, Salt Lake City, Utah, for Defendant-Appellant.

Vernon Stejskal, Special Assistant United States Attorney (Carlie Christensen, United States Attorney, and Diana Hagen, Assistant United States Attorney, on the brief), Salt Lake City, Utah, for Plaintiff-Appellee.

Before **KELLY**, **LUCERO**, and **HOLMES**, Circuit Judges.

**HOLMES**, Circuit Judge.

Defendant-Appellant Paul Andrew Larson was convicted of manufacturing

or attempting to manufacture methamphetamine in violation of 21 U.S.C.

§ 841(a)(1) and possessing precursor chemicals with the intent to manufacture

methamphetamine in violation of 21 U.S.C. § 841(c). On appeal, Mr. Larson argues, *inter alia*, that his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, and the Sixth Amendment was violated.

Exercising jurisdiction under 28 U.S.C. § 1291, we **REVERSE** the district court's denial of Mr. Larson's motion to dismiss for violating the Speedy Trial Act, but **AFFIRM** the district court's denial of Mr. Larson's Sixth Amendment speedy trial claim. We **REMAND** this action to the district court to determine whether the indictment should be dismissed with or without prejudice for violation of the Speedy Trial Act. Accordingly, we need not and do not address Mr. Larson's other arguments.

## BACKGROUND

On August 16, 2006, a five-count indictment was filed charging Mr. Larson with manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) and possessing precursor chemicals with the intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c). Mr. Larson made his initial appearance on June 26, 2007. Mr. Larson's trial was originally scheduled to commence on August 27, 2007.

The district court repeatedly continued Mr. Larson's trial date. Mr. Larson's trial appears to have been postponed at least eleven times: (1) from August 27, 2007, to November 6, 2007; (2) from November 6, 2007, to January 22, 2008; (3) from January 22, 2008, to March 11, 2008; (4) from March 11,

2

2008, to May 13, 2008; (5) from May 13, 2008, to June 24, 2008; (6) from June 24, 2008, to August 20, 2008; (7) from August 20, 2008, to October 14, 2008; (8) from October 14, 2008, to December 1, 2008; (9) from December 1, 2008, to January 20, 2009; (10) from January 20, 2009, to February 25, 2009; and, finally, (11) from February 25, 2009, to March 24, 2009.

On October 30, 2008, Mr. Larson filed a motion to dismiss the indictment with prejudice alleging that his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment had been violated. *See* Aplt. App. at 72–91 (Def.'s Mot. to Dismiss, filed Oct. 30, 2008). The district court denied this motion from the bench on January 14, 2009. *See id.* at 278–85 (Mot. Hr'g Tr., dated Jan. 14, 2009). A written order followed on January 28, 2009. *See id.* at 146–48 (Dist. Ct. Order, dated Jan. 28, 2009).

Mr. Larson's trial was ultimately rescheduled to, and commenced on, March 23, 2009. On March 26, 2009, the jury returned a verdict that convicted Mr. Larson on all counts.

## DISCUSSION

### I. Speedy Trial Act

*A. Standard of Review*

We review the denial of a motion to dismiss for violation of the Speedy Trial Act for an abuse of discretion. *United States v. Thompson*, 524 F.3d 1126, 1131 (10th Cir. 2008). We also review the decision to grant an ends-of-justice

3

continuance for an abuse of discretion. *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009). However, the district court's compliance with the legal requirements of the Speedy Trial Act is reviewed *de novo*, and its underlying factual findings are reviewed for clear error. *Id.*

B. *Legal Standards*

The Speedy Trial Act requires that a federal criminal trial commence within seventy days of the later of the filing of the information or indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1); *Toombs*, 574 F.3d at 1268. The act excludes from this seventy-day period, *inter alia*, "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).[1] This ends-of-justice exclusion is "meant to be a rarely used tool for those cases demanding more flexible treatment." *Toombs*, 574 F.3d at 1269 (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989)) (internal quotation marks omitted). Accordingly, "ends-of-justice continuances should not be granted cavalierly." *United States v. Williams*, 511 F.3d 1044, 1049 (10th Cir. 2007).

---

[1] Effective October 13, 2008, the Speedy Trial Act was amended, redesignating former 18 U.S.C. § 3161(h)(8) as 18 U.S.C. § 3161(h)(7). *See Toombs*, 574 F.3d at 1267 n.3. To avoid confusion, we use the current numbering throughout this opinion.

4

In determining whether to grant an ends-of-justice continuance, the district court must consider the following factors, among others:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> . . . .

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

"[T]he record must clearly establish [that] the district court considered the proper factors at the time such a continuance was granted." *Toombs*, 574 F.3d at 1269 (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)) (internal quotation marks omitted). If the district court fails to consider these factors, the continuance "period cannot be excluded under the Act's ends-of-justice provision." *Williams*, 511 F.3d at 1057.

The district court must "set[] forth, in the record of the case, either orally

or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). "[I]t must be clear from the record that the trial court struck the proper balance when it granted the continuance." *Williams*, 511 F.3d at 1056 (alteration in original) (quoting *United States v. Spring*, 80 F.3d 1450, 1456 (10th Cir. 1996)) (internal quotation marks omitted). "[W]ithout on-the-record findings, there can be no exclusion under § 3161(h)[(7)]. . . . [I]f a judge fails to make the requisite findings regarding the need for an ends-of-justice continuance, the delay resulting from the continuance must be counted . . . ." *Zedner v. United States*, 547 U.S. 489, 507–08 (2006).

"In setting forth its findings . . . , the district court need not articulate facts which are obvious and set forth in the motion for the continuance itself." *Toombs*, 574 F.3d at 1269 (quoting *United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993)) (internal quotation marks omitted). However, "[a] record consisting of only short, conclusory statements lacking in detail is insufficient." *Id.* at 1271. The record must explain "why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time . . . . Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." *Id.* at 1271–72.

These findings may be entered on the record after the fact, but they may not

6

be *made* after the fact. *Williams*, 511 F.3d at 1055; *Gonzales*, 137 F.3d at 1433. "While the preferred practice is for the district court to make its findings on the record at the time the continuance is granted, findings made contemporaneously with the granting of the continuance may be entered on the record after the fact if done before the court rules on a defendant's motion to dismiss." *Toombs*, 574 F.3d at 1269 (citing *Zedner*, 547 U.S. at 506–07).

*C. Application*

The district court held that all but forty-three days were excluded from the Speedy Trial Act. Aplt. App. at 146. On appeal, the government concedes that fifty-five days count against the Speedy Trial Act. *See* Aplee. Br. at 18 n.2 ("The government's computation of 55 days countable under the Act differs from the district court's conclusion of 43 days because the government counts the period from 8/17/07 to 8/30/07, and does not include the day on which the motion is filed or ruled on in its computation." (citation omitted)). Thus, if the district court erroneously excluded more than fifteen days, the Speedy Trial Act was violated.

Mr. Larson appears to challenge only the first, second, third, fourth, and sixth continuances, all of which the district court granted in the ends of justice.[2]

---

[2]    Mr. Larson has withdrawn any objection to the fifth continuance. *See* Aplt. App. at 271 ("There is a period of time where Judge Warner–the time when he files his motion and Judge Warner excludes some time. We're not

(continued...)

Mr. Larson appears to argue that in granting these continuances, the district court failed to consider the requisite factors and make the findings required to exclude time in the ends of justice. *See* Aplt. Opening Br. at 19, 29.

Each of the five ends-of-justice continuances that Mr. Larson challenges

---

[2] (...continued)
contesting that. At that point in time there was a magistrate judge who looked at it and made some findings."); Aplt. Reply Br. at 5 ("The Appellant submits that [the hearing before Magistrate Judge Warner on April 30, 2008] was the only hearing and Order that [met] the Speedy Trial Act exclusions during this period.").

The sixth continuance continued the trial from June 24 to August 20, 2008, and purported to exclude the intervening time. The government states that "[o]n appeal, it appears that Larson does not contest that the period after August 1, 2008, should be excluded from STA computation." Aplee. Br. at 18. The government seems to be correct. *See* Aplt. Opening Br. at 22 ("Mr. Larson in his Motion submitted that the Speedy Trial Act was violated prior to the Motion to Suppress being filed in August 2008."). Mr. Larson filed his motion to suppress on August 1, 2008.

Mr. Larson does not appear to challenge the seventh, eighth, ninth, tenth, and eleventh continuances. In his opening brief, Mr. Larson characterizes his district court motion to dismiss on speedy trial grounds as having "submitted that the Speedy Trial Act was violated prior to the Motion to Suppress being filed in August 2008." *Id.* Mr. Larson then cryptically states that "[t]he speedy trial time was violated because [of] a series of continuances of the trial date from November 6, 2007, January 22, 2008, March 11, 2008, May 13, 2008, June 24, 2008 and August 20, 2008." *Id.* Moreover, Mr. Larson filed his motion in the district court on October 30, 2008, before the ninth, tenth, and eleventh continuances were even granted, and thus failed to challenge these continuances before the district court. In any event, the period from August 1, 2008, until trial would likely be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) as delay resulting from pretrial motions. As noted, Mr. Larson filed his motion to suppress on August 1, 2008, and filed a series of motions thereafter, at least one of which was pending up until the time of trial.

excluded significantly more than fifteen days. Accordingly, as the government conceded at oral argument, if any of these five ends-of-justice continuances was granted improperly, such that time was erroneously excluded, then the Speedy Trial Act was violated. We find that both the second and fourth continuances improperly excluded time in the ends of justice. Accordingly, we hold that the Speedy Trial Act was violated here. Because we find a Speedy Trial Act violation on the basis of the second and fourth continuances, we need not and do not address the other continuances.[3]

### 1. Second Continuance (November 6, 2007, to January 22, 2008)

On November 1, 2007, the district court granted Mr. Larson's motion to continue his November 6, 2007, trial date. Aplt. App. at 39 (Dist. Ct. Order Continuing Trial, dated Nov. 1, 2007). On November 6, 2007, the district court set January 22, 2008, as the new trial date. Aplt. App. at 199 (Status and Scheduling Conference Tr., dated Nov. 6, 2007). The district court inquired

---

[3] We pause briefly to reiterate that the government shares with the district court the responsibility to ensure compliance with the Speedy Trial Act. *See Toombs*, 574 F.3d at 1273 (citing *United States v. Wright*, 6 F.3d 811, 814 (D.C. Cir. 1993)); *United States v. Saltzman*, 984 F.2d 1087, 1091–93 (10th Cir. 1993). The United States Attorneys in this circuit may wish to consider the use of a calendar-reminder system to ensure that their offices are aware of, and comply with, all Speedy Trial Act deadlines. *Cf. Wright*, 6 F.3d at 815 ("[T]he facts of this case indicate that the United States Attorney's Office may need to rethink *its* scheme for complying with the Speedy Trial Act. At oral argument, the Government was asked to explain how Mr. Wright's case managed to escape its attention. The Government had no ready answer . . . .").

about the status of plea negotiations and about both defense lawyers' preparations for trial and how much additional time they needed to prepare. *Id.* at 195–96. The district court asked the government to prepare an order excluding the time of the continuance under the Speedy Trial Act. *Id.* at 200–01. However, it appears that the district court never filed such an order. *See* Aplee. Br. at 12 ("The docket does not reflect that an order was filed by the court.").

To the extent that the district court could be said to have made any findings at all, they are woefully inadequate to support this continuance in the ends of justice. Although the district court inquired about a number of subjects at the hearing that conceivably could have been relevant to an ends-of-justice determination, it is far from "obvious," *Toombs*, 574 F.3d at 1269, what factors the district court relied upon in making its determination. The court "does not so much as hint that it weighed the proper factors under the [Speedy Trial] Act. Indeed, the court failed to cite the Act's ends-of-justice provision." *Williams*, 511 F.3d at 1058; *see Occhipinti*, 998 F.2d at 798. It most certainly is not "clear from the record that the trial court struck the proper balance when it granted the continuance," *Williams*, 511 F.3d at 1056 (quoting *Spring*, 80 F.3d at 1456) (internal quotation marks omitted). Therefore, the delay resulting from this continuance must be counted under the Speedy Trial Act.[4] *See Zedner*, 547 U.S.

---

[4]     The district court erroneously excluded the seventy-eight days

(continued...)

10

at 508.

## 2.  Fourth Continuance (March 11, 2008, to May 13, 2008)

On March 5, 2008, the district court granted Mr. Larson's motion to continue his March 11, 2008, trial date and continued his trial until May 13, 2008. Aplt. App. at 45–46 (Dist. Ct. Order, dated Mar. 5, 2008).  The district court noted that defense counsel had stated that he required additional time to prepare for trial and that defense counsel "ha[d] recently been appointed to two capital cases which have required immediate and substantial work." *Id.* at 45.  The court consequently found that "[t]he ends of justice required by the granting of a continuance of the case outweigh the best interest of the public and the Defendant in a speedy trial" and ordered "that the period of the continuance is excluded from the Speedy Trial Act time requirements for reasons consistent with the provisions of 18 U.S.C. § 3161(h)[7]." *Id.* at 45–46.

We conclude, however, that the district court's findings are insufficient to exclude this period of time in the ends of justice; thus, the delay resulting from this continuance must be counted under the Speedy Trial Act. *See Zedner*, 547

---

[4]     (...continued)
between November 6, 2007, and January 22, 2008, in the ends of justice.  These days would count against the Speedy Trial Act clock.  However, Mr. Larson filed a motion to continue on January 9, 2008, which was granted on January 10, 2008. The two-day period from January 9 to January 10, 2008, would likely be excluded anyway pursuant to 18 U.S.C. § 3161(h)(1)(D) as delay resulting from a pretrial motion.

U.S. at 508. The district court failed to discuss how much time defense counsel needed to prepare for trial and what preparations he had already made. Without this information, the district court could not adequately determine whether denying the continuance would deprive defense counsel of "the reasonable time necessary for effective preparation, taking into account *the exercise of due diligence*," 18 U.S.C. § 3161(h)(7)(B)(iv) (emphasis added), "let alone whether the purported reasons for granting the continuance outweighed the best interests of the public and [Mr. Larson] in a speedy trial." *Gonzales*, 137 F.3d at 1435. "Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." *Toombs*, 574 F.3d at 1271–72.

### D. Dismissal

"The sanction for violation of the [Speedy Trial] Act is mandatory dismissal of the indictment." *Williams*, 511 F.3d at 1049 (citing 18 U.S.C. § 3162(a)(2)). However, the indictment may be dismissed with *or* without prejudice. *See* 18 U.S.C. § 3162(a)(2). It is "the general practice of this court [to] remand . . . to the district court to assess whether the dismissal should be with or without prejudice." *Gonzales*, 137 F.3d at 1436. Yet, our analysis in this case cannot end with the Speedy Trial Act. Mr. Larson also presents a speedy trial claim under the Sixth Amendment. If Mr. Larson prevails on that claim, it "would require the district court to dismiss the case with prejudice." *Toombs*, 574

12

F.3d at 1274.  Therefore, we proceed to assess the merits of Mr. Larson's Sixth Amendment claim.

## II.  Sixth Amendment Speedy Trial Right

### A.  *Standard of Review*

Mr. Larson's claim that his Sixth Amendment speedy trial right was violated is reviewed *de novo*.  *United States v. Seltzer*, 595 F.3d 1170, 1175 (10th Cir. 2010).

### B.  *Legal Standards*

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. Const. amend. VI.  This right "attaches when the defendant is arrested or indicted, whichever comes first."  *Seltzer*, 595 F.3d at 1176 (quoting *Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004)) (internal quotation marks omitted).  To determine whether a defendant's Sixth Amendment right has been violated, the court balances four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) whether the delay prejudiced the defendant.  *Seltzer*, 595 F.3d at 1176 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)); *Toombs*, 574 F.3d at 1274 (same).  None of the factors is itself necessary or sufficient to conclude that the Sixth Amendment speedy trial right has been violated.  *Seltzer*, 595 F.3d at 1181; *Toombs*, 574 F.3d at 1274.

"[T]o trigger a speedy trial analysis, an accused must allege that the

13

interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Seltzer*, 595 F.3d at 1176 (quoting *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)) (internal quotation marks omitted). Generally, delays approaching one year are presumptively prejudicial. *Id.*; *Jackson*, 390 F.3d at 1261 (citing *Doggett*, 505 U.S. at 652 n.1); *cf. United States v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006) (noting that an eleven-month delay would not be presumptively prejudicial, but that a fourteen-month delay might be).

If the defendant shows a presumptively prejudicial delay, the court then considers "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Seltzer*, 595 F.3d at 1176 (quoting *Doggett*, 505 U.S. at 652) (internal quotation marks omitted). The longer the delay, the more likely it is that the first factor will weigh in the defendant's favor. *Id.* (citing *Doggett*, 505 U.S. at 652). In making this assessment, the "court should take into consideration the nature of the charges." *Id.* (citing *Barker*, 407 U.S. at 531).

The second factor, the reason for the delay, is "especially important," and the burden is on the government "to provide an acceptable rationale for the delay." *Seltzer*, 595 F.3d at 1177.

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts

14

> should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Id.* (quoting *Barker*, 407 U.S. at 531) (internal quotation marks omitted).

"Delays attributable to the defendant do not weigh against the government." *Abdush-Shakur*, 465 F.3d at 465. Where the defendant's actions "were the primary cause of the delay," the second factor "weighs heavily against" him. *Toombs*, 574 F.3d at 1274.

The third factor, a defendant's assertion of his speedy trial right, is also given strong evidentiary weight. *Seltzer*, 595 F.3d at 1179; *Toombs*, 574 F.3d at 1274. The sooner a defendant "raises the speedy trial issue, the more weight this factor lends to his claim." *Jackson*, 390 F.3d at 1263. However, this factor weighs against a defendant who requests continuances and waits for months to assert his speedy trial right. *See Toombs*, 574 F.3d at 1274–75 ("By the time Toombs asserted his Sixth Amendment right, eight of the nine continuances, seven of which were requested by him, had already been granted and approximately seventeen months had passed since his first court appearance. Thus, this factor also weighs heavily against Toombs."); *Abdush-Shakur*, 465 F.3d at 465 ("We find little merit in defendant's assertion of his Sixth Amendment right . . . when the defendant has sat on his hands for seven months and requested several continuances of his own.").

15

As to the fourth factor, whether the delay prejudiced the defendant, we have concluded that the burden of proof is on the defendant. *Seltzer*, 595 F.3d at 1179; *Toombs*, 574 F.3d at 1275. Depending upon the circumstances of the case, this burden can be satisfied "with or without a particularized showing of prejudice." *Jackson*, 390 F.3d at 1263. In cases of extreme delay, the defendant may rely on the presumption of prejudice and need not present specific evidence of prejudice. *Toombs*, 574 F.3d at 1275 (citing *Doggett*, 505 U.S. at 655). "Generally, the court requires a delay of six years before allowing the delay itself to constitute prejudice." *Seltzer*, 595 F.3d at 1180 n.3; *see Toombs*, 574 F.3d at 1275 (suggesting that a delay of five years might constitute prejudice).

With regard to whether a defendant has made a particularized showing of prejudice, we have stated:

> We assess prejudice in light of the interests that the speedy trial right was designed to protect. The courts have identified three main interests: (i) the prevention of oppressive pretrial incarceration; (ii) the minimization of anxiety and concern of the accused; and (iii) minimization of the possibility that the defense will be impaired.

*Seltzer*, 595 F.3d at 1179; *see also Toombs*, 574 F.3d at 1275 (citing *Barker*, 407 U.S. at 532).

Impairment of the defense is the most important of these interests, and prevention of oppressive pretrial incarceration is the second most important. *Seltzer*, 595 F.3d at 1179–80; *Jackson*, 390 F.3d at 1264. Showing a mere

16

possibility of prejudice is insufficient. *Jackson*, 390 F.3d at 1264.

A defense is hindered "in the sense that [the defendant] was not able to defend the charges against him to the extent he desired" if, "for example, as a result of the delay, the defense no longer had access to certain evidence or could no longer use a witness because that witness died before trial." *Toombs*, 574 F.3d at 1275. That the government may have strengthened its case during the delay does not implicate this interest. *See Seltzer*, 595 F.3d at 1180 n.4.

*C. Application*

Mr. Larson was indicted on August 16, 2006, but his trial did not commence until March 23, 2009. This delay, which exceeded thirty-one months, is presumptively prejudicial and triggers the *Barker* balancing test.

The thirty-one-month delay in trying Mr. Larson's case is approximately two-and-one-half times the ordinary period of delay. *Cf. Seltzer*, 595 F.3d at 1176 ("Two years is twice the time presumed to be ordinary."). Mr. Larson underscores the lack of necessity for such a delay by noting that his case "was not unduly complicated," and that, in fact, his jury trial "was completed ultimately in less than a week." Aplt. Opening Br. at 30. We conclude that the first factor weighs in favor of finding that Mr. Larson's Sixth Amendment speedy trial right was violated. *See Seltzer*, 595 F.3d at 1176–77.

With regard to the second factor, the reason for the delay, Mr. Larson argues that his "previous counsel was appointed under the supervision of the

17

magistrate judges of the Court pursuant to the Criminal Justice Act. That delay cannot be attributed to the defendant as claimed by the government." Aplt. Opening Br. at 31. However, the government argues persuasively that every continuance is attributable to Mr. Larson. *See* Aplee. Br. at 25. The first and fifth continuances were granted to give new defense counsel additional time to prepare for trial, and the second, third, fourth, and sixth continuances were all granted on Mr. Larson's motions to give defense counsel additional time to prepare for trial, to accommodate defense counsel's scheduling conflicts, or to allow more time for Mr. Larson to discuss a non-trial disposition with the government. *See* Aplt. App. at 36 (Dist. Ct. Scheduling Order, dated Sept. 7, 2007), 37–38 (Def.'s Mot. and Stipulation to Continue Trial, filed Oct. 30, 2007), 40–41 (Def.'s Mot. and Stipulation to Continue Trial, filed Jan. 9, 2008), 42 (Dist. Ct. Order Continuing Trial, dated Jan. 10, 2008), 43–44 (Def.'s Mot. and Stipulation to Continue Trial, filed Mar. 4, 2008), 45–46 (Dist. Ct. Order, dated Mar. 5, 2008), 47–48 (Dist. Ct. Scheduling Order, dated May 1, 2008), 49–50 (Def.'s Mot. to Continue Jury Trial, filed June 10, 2008), 51 (Dist. Ct. Order, dated June 14, 2008), 195–96, 238–42 (Mot. Hr'g Tr., dated Sept. 23, 2008). "Delays attributable to the defendant do not weigh against the government." *Abdush-Shakur*, 465 F.3d at 465. Thus, the especially important second factor

weighs heavily against Mr. Larson.[5]

Mr. Larson asserted his speedy trial right by filing a motion to dismiss on October 30, 2008. Mr. Larson has conceded that "[a]t no time in any of [his] court appearances prior to [his] hiring of Mr. Gaither [on October 14, 2008,] had [he] ever expressed to the court [his] desire for a speedy trial." Aplt. App. at 264. Mr. Larson filed his motion to dismiss more than twenty-six months after his indictment, more than fifteen months after his arrest, and only after the district court had already granted eight continuances—five of which Mr. Larson himself moved for. Thus, *Barker*'s third factor weighs against Mr. Larson.

The two-and-one-half year delay in this case is not sufficiently extreme to permit Mr. Larson to rest on a presumption of prejudice. On appeal, Mr. Larson offers no argument to support a conclusion that the delay impaired his

---

[5] In his reply brief and at oral argument, Mr. Larson relied upon our decision in *United States v. Jones*, 213 F.3d 1253 (10th Cir. 2000), apparently to suggest that this second factor should weigh against the government and that his case should be dismissed with prejudice. In particular, Mr. Larson notes: "[t]he government's passive extensive failure to assert the speedy trial while stipulating to unjustified delay indicates the type of culpability required for a finding to support dismissing the indictment with prejudice." Aplt. Reply Br. at 10. However, *Jones* involved the question of whether a case should have been dismissed with prejudice under the Speedy Trial Act, not whether a defendant's Sixth Amendment right to a speedy trial had been violated; on that ground alone, *Jones* is inapposite. *See Jones*, 213 F.3d at 1256–57. Furthermore, insofar as *Jones* addressed the subject of the government's action relative to delay, it actually undermines Mr. Larson's argument. *See id.* at 1257 (noting that "no showing was made that the prosecution engaged in a pattern of neglect or bad faith").

defense—the most important consideration to a finding of prejudice. Mr. Larson appears to raise arguments regarding oppressive pretrial incarceration, referring to the magistrate judge's observation that "sitting in jail had physically affected Mr. Larson." Aplt. Opening Br. at 30 (citing Aplt. App. at 236). Furthermore, Mr. Larson contends that he has suffered anxiety and elevated concerns, stating that "[t]his Court should recognize that inherent in such incarceration is an anxiety and concern by the defendant about his proceedings and frustration in attempting to find out information when he was not contacted by his lawyer." *Id.* at 31. However, as Mr. Larson's counsel acknowledged at oral argument, the magistrate judge's comment about Mr. Larson's appearance was not even made in the context of a *Barker* analysis, much less one focused on identifying indicators of particularized prejudice. Furthermore, Mr. Larson's generalized and conclusory references to the anxiety and distress that purportedly are intrinsic to incarceration are not sufficient to demonstrate particularized prejudice, and Mr. Larson has not cited any authority to the contrary. Accordingly, we conclude that *Barker*'s fourth factor weighs against Mr. Larson on account of his failure to show prejudice.

In summary, *Barker*'s first factor weighs in favor of Mr. Larson's claim of a Sixth Amendment violation, while the remaining factors weigh against Mr. Larson. "Absent extraordinary circumstances, *Barker* counsels us not to find a violation of the right to a speedy trial when the defendant's actions indicate he

20

had no desire for a speedy trial." *Toombs*, 574 F.3d at 1276 (quoting *United States v. Batie*, 433 F.3d 1287, 1293 (10th Cir. 2006)) (internal quotation marks omitted). Moreover, "while prejudice is not essential to a violation," this court is "reluctan[t] to find a speedy trial deprivation where there is no prejudice." *Jackson*, 390 F.3d at 1267 (quoting *United States v. Brown*, 600 F.2d 248, 254 (10th Cir. 1979)) (internal quotation marks omitted). Accordingly, upon balancing the four *Barker* factors, we conclude that Mr. Larson's Sixth Amendment speedy trial right was not violated.

## III. Dismissal

As noted above, an indictment must be dismissed if the Speedy Trial Act is violated, but this dismissal may be with or without prejudice. *See* 18 U.S.C. § 3162(a)(2); *Williams*, 511 F.3d at 1049. A "violation of the speedy trial requirement, by itself, is not a sufficient basis for dismissal with prejudice." *Williams*, 511 F.3d at 1060 (quoting *Abdush-Shakur*, 465 F.3d at 462) (internal quotation marks omitted). Dismissals with prejudice "should be reserved for more egregious violations" of the Speedy Trial Act. *Abdush-Shakur*, 465 F.3d at 462 (quoting *United States v. Cano-Silva*, 402 F.3d 1031, 1035 (10th Cir. 2005)).

We remand this action to the district court to decide whether the indictment should be dismissed with or without prejudice under the Speedy Trial Act. *See Toombs*, 574 F.3d at 1276; *Gonzales*, 137 F.3d at 1436. The district court "retains broad discretion whether to dismiss the indictment with or without

21

prejudice." *Toombs*, 574 F.3d at 1276 (quoting *Williams*, 511 F.3d at 1049) (internal quotation marks omitted). On remand, the district court shall consider the following non-exclusive factors: the seriousness of the offense, the facts and circumstances of the case that led to the dismissal, the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice, and prejudice to Mr. Larson. *See* 18 U.S.C. § 3162(a)(2); *Williams*, 511 F.3d at 1059–60; *Abdush-Shakur*, 465 F.3d at 462.

## CONCLUSION

For the reasons set forth above, we **REVERSE** the district court's denial of Mr. Larson's motion to dismiss for violating the Speedy Trial Act, **AFFIRM** the district court's denial of Mr. Larson's Sixth Amendment speedy trial right claim, and **REMAND** this action for the district court to determine whether the indictment should be dismissed with or without prejudice. Because we reverse and remand for a violation of the Speedy Trial Act, we need not and do not address Mr. Larson's remaining claims. *See Williams*, 511 F.3d at 1046.