**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EUGENE VELARDE,

    Defendant-Appellant.

No. 14-8037
(D.C. No. 1:13-CR-00160-NDF-1)
(D. Wyoming)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Mr. Eugene Velarde was charged in federal court with conspiracy to (1) distribute methamphetamine and (2) possess methamphetamine with the intent to distribute. _See_ 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Mr. Velarde's attorney asked for a continuance. Rather than continue the trial, the district court selected a jury on October 29, 2013, and deferred opening statements until January 7, 2014. At the eventual trial, two methamphetamine distributors testified that they had frequently purchased their supplies from Mr. Velarde. The jury rendered a guilty verdict and

---

[*] This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But, the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

found that the conspiracy had involved 500 grams or more of methamphetamine.

On appeal, Mr. Velarde asserts statutory and constitutional challenges to the pretrial delay and argues that there was insufficient evidence of guilt. We reject these contentions, concluding:

1. *Statutory Claim of Delay*. Mr. Velarde waived his right to dismissal under the Speedy Trial Act. The court can dismiss under the Act only if the defendant files a pretrial motion to dismiss on the basis of pretrial delay, and Mr. Velarde did not file a pretrial motion based on this ground.

2. *Constitutional Claim of Delay*. The pretrial delay did not violate the U.S. Constitution. The Sixth Amendment's right to a speedy trial is violated only if the defendant asserts a right to a speedy trial and suffers prejudice from the delay. These requirements are not satisfied here: The delay did not prejudice Mr. Velarde, and he did not assert a right to a speedy trial until after the jury had found him guilty.

3. *Claim Involving Insufficiency of Evidence*. The evidence was sufficient based on the testimony of two methamphetamine distributors.

## I.    Speedy Trial Act

By failing to move for dismissal based on delay until after the trial was over, Mr. Velarde waived his right to dismissal under the Speedy Trial Act.

Under the Speedy Trial Act, defendants can obtain dismissal only if they file a pretrial motion to dismiss based on delay. *United States v. Gomez*, 67 F.3d 1515, 1519 (10th Cir. 1995). If a defendant fails to file a pretrial motion on this ground, the statutory right to a speedy trial is

2

waived. 18 U.S.C. § 3162(a)(2) (2012); *see* Oral Arg. 2:17-2:45 (acknowledgment by defense counsel that the Speedy Trial Act requires a pretrial motion to avoid waiver).

Mr. Velarde conceded in oral argument that he had not invoked the Speedy Trial Act until after he was found guilty. Oral Arg. 5:05-6:21. Rather than invoke the Speedy Trial Act, defense counsel asked for a continuance, stating he did not object to a delay until January 2014. By failing to file a pretrial motion to dismiss based on delay, Mr. Velarde waived his right to dismissal under the Speedy Trial Act.[1]

## II.    Sixth Amendment Right to a Speedy Trial

Mr. Velarde also invokes his right to a speedy trial under the Sixth Amendment. We reject the Sixth Amendment claim.

### A.    Standard of Review

On this claim, we engage in de novo review. *United States v. Seltzer*, 595 F.3d 1170, 1175 (10th Cir. 2010). In conducting this review, we consider four factors:

1.    how long the delay lasted,

2.    what caused the delay,

3.    whether the defendant asserted his right to a speedy trial, and

---

[1]    Mr. Velarde argues that he did not consent to his attorney's request for a continuance. But, the record on appeal does not include any evidence (or even an allegation) that Mr. Velarde asked his attorney to file a pretrial motion to dismiss under the Speedy Trial Act.

4.     whether the delay was prejudicial to the defendant.

*United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006). Though no single factor is dispositive, the length of the delay is a threshold requirement; thus, we need not address the second, third, and fourth factors unless the delay is "'presumptively prejudicial.'" *United States v. Dirden*, 38 F.3d 1131, 1137 (10th Cir. 1994) (quoting *United States v. Tranakos*, 911 F.2d 1422, 1427 (10th Cir. 1990)).

**B.    The Four-Factor Balancing Test**

The delay is not presumptively prejudicial, which forecloses a constitutional claim even without consideration of the other three factors. But, even if we were to consider the other three factors, all would weigh against a constitutional violation.

**1.    Length of Delay**

Even under Mr. Velarde's version of the facts, the trial was delayed by less than five months. A five-month delay is not presumptively prejudicial, for we have declined to presume prejudice for even greater delays. *See, e.g.*, *United States v. Occhipinti*, 998 F.2d 791, 798 (10th Cir. 1993) (172 days); *United States v. Lugo*, 170 F.3d 996, 1002 (10th Cir. 1999) (approximately 7 months); *United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994) (7½ months); *United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir. 1991) (8 months). Under these decisions, Mr. Velarde's delay was not presumptively prejudicial.

4

## 2.     Reason for the Delay

The reason for the delay also weighs against a constitutional violation. *See United States v. Larson*, 627 F.3d 1198, 1208 (10th Cir. 2010) (stating that the reason for the delay weighs against a constitutional violation when the defendant's actions constituted the primary cause for the delay). The district court delayed opening statements so that Mr. Velarde's trial attorney could have more time to prepare.

Mr. Velarde argues that even though it was his attorney who had asked for a delay, he did not ask to bifurcate jury selection and opening statements. That is true. But, the court postponed the trial only because Mr. Velarde's attorney wanted more time to prepare. *See* Appellant's Opening Br. at 22-23 (stating "that the Court created the bifurcation in order to appease the Defendants' request for a continuance"); *id.* at 29 (conceding that Mr. Velarde's attorney asked for a trial continuance because he was unprepared to proceed). As a result, this factor weighs against a constitutional violation.

## 3.     Mr. Velarde's Assertion of His Right

Mr. Velarde did not assert his right to a speedy trial until after he was found guilty. To the contrary, his attorney asked for a continuance and volunteered that he did not object to a delay of the trial until January 2014. Thus, this factor weighs against a constitutional violation. *See United States v. Batie*, 433 F.3d 1287, 1291 (10th Cir. 2006) (stating that this

factor weighs against a constitutional violation when the defendant moves for dismissal after the trial has already taken place).

### 4.    Prejudice to Mr. Velarde

Finally, the delay did not prejudice Mr. Velarde.

In assessing prejudice, we examine "the particular evils the speedy trial is intended to avert: 'pretrial incarceration; . . . anxiety and concern of the accused; and . . . the possibility that the defense will be impaired.'" *United States v. Batie*, 433 F.3d 1287, 1292 (10th Cir. 2006) (quoting *United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir. 1991)). "The most serious of these is impairment of the defense 'because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Id.* (quoting *Barker v. Wingo*, 407 U.S. 514, 532 (1972)).

Mr. Velarde remained on release until shortly before opening statements. Oral Arg. 10:48-10:54; *see also* Appellant's Opening Br. at 31 (concession by Mr. Velarde that he "was not incarcerated and was on pretrial release" during the delay). And, as noted above, the court postponed the trial only because Mr. Velarde's attorney said he needed more time. The delay did not prejudice Mr. Velarde; it helped him by giving his attorney the time he said he needed.

According to Mr. Velarde, the delay was prejudicial because he was subject to release conditions during the delay and the jury could have

6

researched the case on the internet with the additional time. Both arguments are invalid.

The conditions of pretrial release are not in our record on appeal. But, we can take judicial notice of the conditions. *See Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012) (stating that we can take judicial notice of district court filings omitted in the record on appeal). These conditions involved a deposit of $2,500 into the Clerk's office as security and a variety of restrictions. *See United States v. Velarde*, No. 1:13-cr-00160-NDF-1 (D. Wyo. Aug. 15, 2013) (Appearance Bond); *United States v. Velarde*, No. 1:13-cr-00160-NDF-1 (D. Wyo. Aug. 15, 2013) (Order Setting Conditions of Release). But, prejudice is the most serious when it impedes the ability of the defendant to prepare his case. *See* p. 6, above. As noted above, the district court postponed opening statements only because Mr. Velarde's attorney said he was not ready. Mr. Velarde's restrictions on his liberty were a substantial, but unavoidable cost of giving his attorney the time he said he needed.

Mr. Velarde argues that by selecting the jury two months before opening statements, the court created an opportunity for the newly selected jurors to research the case on the internet. This argument rests on speculation. As Mr. Velarde concedes, the district court told the newly selected jurors not to read or research anything about the case. Appellant's

Opening Br. at 31. There is nothing to suggest that the jury violated the court's instructions in this two-month period.

The absence of prejudice weighs against a constitutional violation.

### 5.     Summary

Because all four of the factors weigh against a constitutional violation, we reject Mr. Velarde's argument for reversal.

## III.   Sufficiency of the Evidence

Mr. Velarde challenges the sufficiency of evidence. But, based on the trial evidence, the jury could reasonably have found Mr. Velarde guilty of conspiracy to distribute 500 grams or more of methamphetamine. Thus, we reject this challenge.

### A.     Standard of Review

In deciding whether the district court should have granted the motion for judgment of acquittal, we engage in de novo review. *United States v. Ailsworth*, 138 F.3d 843, 846 (10th Cir. 1998). For this review, we ask: Could a reasonable jury have found Mr. Velarde guilty beyond a reasonable doubt for this crime? *See United States v. Jones*, 768 F.3d 1096, 1101 (10th Cir. 2014).

To prove guilt, the prosecution bore the burden of proving that Mr. Velarde

- had agreed with another person to violate methamphetamine trafficking laws,

- had acquired knowledge of the essential objectives of the conspiracy,

- had knowingly and voluntarily participated in the conspiracy, and

- had acted in a manner interdependent with co-conspirators.

*United States v. Dozal*, 173 F.3d 787, 797 (10th Cir. 1999).

## B.    Conspiracy Charge

Based on the evidence, the jury could reasonably have found Mr. Velarde guilty of the conspiracy.

Ms. Amy Conway and Mr. Ory Johnson testified that they had frequently bought methamphetamine from Mr. Velarde for resale to others. Ms. Conway added that after she had introduced Mr. Johnson to Mr. Velarde, the two men "cut [her] out of the [methamphetamine] deal." Appellant's App., vol. 3, at 257-58. From this testimony, the jury could rationally have found beyond a reasonable doubt that Mr. Velarde was guilty of conspiracy.[2]

---

[2]    The government also presented evidence involving (1) the number of calls between Mr. Velarde and his codefendants, and (2) a codefendant's placement of Mr. Velarde's address in a GPS system. Mr. Velarde argues that this evidence does not support guilt. We need not address this argument because the testimony of Ms. Conway and Mr. Johnson provides sufficient support for the finding of guilt.

9

## C.    Credibility of the Witnesses

On appeal, Mr. Velarde argues that the witnesses were not credible. This argument lacks merit, for assessment of credibility is for the jury, not our court. *United States v. Irvin*, 682 F.3d 1254, 1266 (10th Cir. 2012).

## D.    Quantity of Methamphetamine

Mr. Velarde also challenges the sufficiency of evidence for the distribution of 500 or more grams of methamphetamine. We reject this challenge.

Mr. Johnson testified that except for one week, he had bought one to two ounces of methamphetamine from Mr. Velarde on a weekly basis from late June or early July until the first week of December. Even if we were to assume that Mr. Johnson waited until early July to start buying methamphetamine from Mr. Velarde, the purchases would have lasted at least 19 weeks.

One ounce equals 28.3495 grams. Thus, the jury could infer that Mr. Velarde sold Mr. Johnson between 28.3495 and 56.699 grams of methamphetamine on 19 occasions. The total would have involved between 538.6 and 1077.3 grams. As a result, the jury could reasonably find that Mr. Velarde had conspired to distribute 500 grams or more of methamphetamine.

## IV. Conclusion

We affirm. Mr. Velarde waived his rights under the Speedy Trial Act, and the pretrial delay did not violate the Sixth Amendment. At the trial, the jury could have reasonably found guilt. Thus, we reject Mr. Velarde's challenges to the pretrial delay and the sufficiency of the evidence.

Entered for the Court

Robert E. Bacharach
Circuit Judge