FILED
United States Court of Appeals
Tenth Circuit

October 31, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MIKEAL GLENN STINE,

     Defendant - Appellant.

No. 15-1449
(D.C. No. 1:13-CR-00491-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Mikeal Stine was indicted for threatening to assault and murder a federal

magistrate judge and an assistant United States attorney. Before trial, and 525 days

after his initial appearance, Stine moved to dismiss his indictment under The Speedy

Trial Act of 1974, 18 U.S.C. §§ 3161-3174 (the Act). After the district court denied

Stine's motion, he was tried, convicted, and sentenced to 90 months' imprisonment.

Stine appeals the district court's denial of his motion to dismiss. He also argues—for

the first time—that the delay between his indictment and trial violated the Sixth

_____

\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument wouldn't materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment isn't binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

Amendment. Because the district court (1) correctly concluded the delay didn't violate the Act; and (2) didn't plainly err in failing to dismiss the indictment on Sixth Amendment grounds, we affirm.

## BACKGROUND

Between December 2008 and February 2009, Stine sent two letters from prison threatening to assault and murder a federal magistrate judge and an assistant United States attorney, and he verbally repeated those threats to a deputy United States marshal. Nearly five years later, on December 3, 2013, the government indicted Stine on three counts of violating of 18 U.S.C. § 115(a)(1)(B), (b)(4).[1]

Stine made his initial appearance on February 25, 2014. On March 20, 2014, he filed a motion to dismiss the indictment based on preaccusatory delay. He simultaneously filed a motion to exclude 90 days from the speedy trial clock, which the district court granted.

On April 2, 2014, the government filed an unopposed motion for a psychiatric or psychological examination of Stine. The district court granted that motion, and on August 15, 2014, a clinical psychologist indicated in a report that Stine was competent to stand trial. The government filed the report on October 1, 2014. On

---

[1] "Whoever . . . threatens to . . . murder[] a United States official, a United States judge, [or] a Federal law enforcement officer . . . with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished . . . by a fine under this title or imprisonment for a term of not more than 10 years, or both . . . ." § 115(a)(1)(B), (b)(4).

September 18, 2014, while the report was pending, the district court sua sponte excluded an additional 45 days from the speedy trial clock.

Stine filed a motion to suppress on October 29, 2014. On March 3, 2015, the court held a hearing on that motion and on Stine's March 20, 2014 motion to dismiss based on preaccusatory delay. The hearing resumed and was completed on May 11, 2015, and the district court took both motions under advisement. The district court denied both motions on June 2, 2015.

On July 10, 2015, the government filed a motion for competency hearing[2] and a request to set a trial date. On August 3, 2015, the district court ruled that it had already implicitly found Stine competent, and it set trial for August 6, 2015.

On August 4, 2015, Stine filed a motion to dismiss the indictment for violation of the Act. The court denied that motion on August 5, 2015.

Trial commenced on August 6, 2015. The jury found Stine guilty on all three counts, and the district court sentenced him to 90 months' imprisonment. Stine appeals the district court's denial of his motion to dismiss under the Act.[3] He also asserts a violation of his Sixth Amendment speedy trial right.

---

[2] Although the government had previously filed the competency report, the district court never formally determined that Stine was competent to stand trial.

[3] Stine doesn't appeal the district court's denial of his motion to dismiss based on preaccusatory delay.

3

## DISCUSSION

**I.     The delay between Stine's indictment and his trial didn't violate the Act.**

"We review the denial of a motion to dismiss for violation of the [Act] for abuse of discretion." *United States v. Banks*, 761 F.3d 1163, 1174 (10th Cir. 2014). "In other words, we review the district court's compliance with the legal requirements of the Act de novo and its underlying factual findings for clear error." *Id.*

The Act "requires that a federal criminal trial commence within seventy days of the filing of the indictment or the defendant's initial appearance, whichever occurs later." *Id.* at 1175; *see also* § 3161(c)(1). The Act enumerates certain exclusions of time from the 70-day period. § 3161(h). If trial doesn't commence within 70 days—not counting the enumerated exclusions—the district court must dismiss the indictment, either with or without prejudice. *See* § 3162(a)(2); *United States v. Koerber*, 813 F.3d 1262, 1273 (10th Cir. 2016).

Stine initially appeared on February 25, 2014. His trial commenced 527 days later, on August 6, 2015. Thus, we must determine whether at least 457 days during that period were excludable under the Act. *See United States v. Margheim*, 770 F.3d 1312, 1321-22 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 1514 (2015) (using same method to determine whether violation of the Act occurred). Because we conclude that at least 467 days were excludable under the Act, we hold Stine's statutory speedy trial right wasn't violated.

4

The largest exclusion from the speedy trial clock stems from Stine's motion to dismiss the indictment on the basis of preaccusatory delay. The Act excludes any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D). Stine filed his motion on March 20, 2014, and the district court concluded its hearing on the motion on May 11, 2015—418 days later. All of those days are excludable under the Act. *Id.*

The 22 days between the hearing's conclusion and the district court's June 2, 2015 denial of the motion are likewise excludable under the Act. *See* § 3161(h)(1)(H) (excluding any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"). Accordingly, all 440 days between March 20, 2014, and June 2, 2015, are excludable under the Act.[4] *See United States v. Apperson*, 441 F.3d 1162, 1181 (10th Cir. 2006) ("[T]he entire period from the filing of [defendant's] motion to sever, through the final evidentiary hearing . . . and at least thirty days thereafter, is excludable for purposes of the [Act].").

The government's July 10, 2015 motion, which requested a competency hearing and a conference to set a trial date, excluded an additional 25 days from the speedy trial clock. The district court heard and ruled on the motion on August 3,

---

[4] In making this calculation, we note that "the excludable period . . . includes both the date of resolution of any pretrial motion *and* the date of filing." *United States v. Williams*, 511 F.3d 1044, 1051 n.5 (10th Cir. 2007).

2015. *See* § 3161(h)(1)(D) (excluding all days between filing pre-trial motion and hearing thereon).

Accordingly, taken together, Stine's March 20, 2014 motion and the government's July 10, 2015 motion excluded 465 days from the speedy trial clock. An additional two days are excludable for Stine's motion to dismiss under the Act,[5] making a total of at least 467 days excludable. Because that number exceeds the 457-day threshold discussed above, we conclude the delay didn't violate the Act.

On appeal, Stine doesn't challenge these calculations. That is, he doesn't argue that the 467 days we've identified aren't excludable for the reasons we've discussed. Instead, he points to additional days that he says aren't excludable. And he challenges potential alternative bases for excluding the days we've already excluded.

We need not address these arguments. Even assuming the additional days Stine identifies aren't excludable, that doesn't change the fact that, for the reasons discussed above, at least 467 days are. Likewise, even assuming the alternative bases for excluding some of those 467 days are invalid, that doesn't change the fact that those days are excludable on the valid grounds we've already identified.

In short, of the 527 days between Stine's initial appearance and his trial, only 457 need be excludable to avoid a violation of the Act. Stine's March 20, 2014 and August 4, 2015 motions and the government's July 10, 2015 motion excluded 467

---

[5] Stine filed that motion on August 4, 2015, and the district court heard and ruled on it on August 5, 2015. *See* § 3161(h)(1)(D).

days. Accordingly, we affirm the district court's denial of Stine's motion to dismiss for violation of that Act.

## II.     Stine fails to show plain error with respect to his Sixth Amendment speedy trial right.

On appeal, Stine argues for the first time that his Sixth Amendment speedy trial right was violated. While we ordinarily review such claims de novo, *Margheim*, 770 F.3d at 1325, Stine concedes that his failure to raise this issue below dictates plain-error review. *United States v. Gomez*, 67 F.3d 1515, 1521 (10th Cir. 1995).[6] "That standard requires [Stine] to demonstrate (1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. DeChristopher*, 695 F.3d 1082, 1091 (10th Cir. 2012).

To determine whether the delay here violated Stine's Sixth Amendment speedy trial right, we balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) Stine's assertion of his speedy trial right; and (4) whether the delay prejudiced Stine. *United States v. Larson*, 627 F.3d 1198, 1207 (10th Cir. 2010). "None of the factors is itself necessary or sufficient to conclude that the Sixth Amendment speedy trial right has been violated." *Id.*

The length-of-delay factor acts as a "double inquiry." *United States v. Seltzer*, 595 F.3d 1170, 1176 (10th Cir. 2010). First, Stine must at least allege the delay is

---

[6] "Unlike the statutory right to a speedy trial, a mere failure to assert the constitutional right does not constitute waiver. Thus, we review this claim for plain error." *Gomez*, 67 F.3d at 1521.

"presumptively prejudicial" in order to trigger the four-factor speedy trial analysis. *Id.* (quoting *Doggett v. United States*, 505 U.S. 647, 652 (1992)). Second, if he can make a showing of presumptive prejudice, then we'll balance that factor against the remaining three. *Id.*

The government concedes, and we agree, that the 611-day delay between Stine's indictment and his trial[7] crosses the presumptively prejudicial threshold. *See United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) ("Delays approaching one year generally satisfy the requirement of presumptive prejudice."). Accordingly, we consider the extent of the delay beyond this threshold and balance this factor against the others. *Seltzer*, 595 F.3d at 1176.

The next factor—the reason for the delay—is "especially important," and the burden is on the government "to provide an acceptable rationale for the delay." *Id.* at 1177. But delays attributable to Stine don't weigh against the government. *United States v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006). And if Stine's actions "were the primary cause of the delay, this factor weighs heavily against" him. *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009).

Here, despite being represented by counsel, Stine filed numerous pro se notices, letters, and motions in the district court. Although the district court struck

---

[7] Stine focuses on the government's *pre-indictment* delay of nearly five years. But Stine concedes that "pre-indictment delay has not been considered in the Sixth Amendment speedy trial analysis," Aplt. Br. 13 (emphasis omitted), and for good reason: the speedy trial right doesn't attach until the defendant's arrest or indictment, whichever comes first. *Seltzer*, 595 F.3d at 1176. Accordingly, in weighing the length-of-delay factor, we won't consider the government's pre-indictment delay.

many of these motions by minute order, some were more burdensome. For instance, one of Stine's three pro se interlocutory appeals to this court required briefing by Stine and the government.

Stine also filed numerous motions through counsel, causing additional delay. Stine's first set of motions sought a 90-day exclusion from the speedy trial clock and a continuance of trial. And several other motions sought shorter continuances. We've previously concluded that similar requests weigh against the defendant under the reason-for-delay factor. *See Abdush-Shakur*, 465 F.3d at 465 (attributing delay to defendant in part because "[defendant] himself requested three continuances").

The government correctly notes that much of the delay in this case—nearly six months—stemmed from the process of determining Stine's competency to stand trial. Although the government initiated this process, it did so because of Stine's notice that he might assert the affirmative defense of "impaired mental condition." R. vol. 1, 38. While we don't fault Stine for giving notice of this defense, the government's response and the resulting delay were not unacceptable.

Stine argues that the government contributed to the post-indictment delay by waiting 32 days to file his competency report with the district court. But that period amounts to only five percent of the 611-day delay, and we thus give it little weight. On the whole, we conclude that the reason-for-delay factor weighs against Stine.

We next ask whether Stine asserted his Sixth Amendment right in district court. He concedes he didn't. Thus, we also weigh this factor against Stine, dealing

his Sixth Amendment claim a nearly fatal blow. *See Barker v. Wingo*, 407 U.S. 514, 536 (1972).

Finally, we consider whether Stine has carried his burden to show prejudice. Stine first argues that the delay here is presumptively prejudicial because its length is "extreme." Aplt. Br. 13 (citing *Toombs*, 574 F.3d at 1275 ("[I]f there is extreme delay, the defendant need not present specific evidence of prejudice and instead may rely on the presumption of prejudice created by the extreme delay.")). But the 20-month delay here doesn't qualify as extreme. *See, e.g.*, *Larson*, 627 F.3d at 1210 ("The two-and-one-half year delay in this case is not sufficiently extreme to permit [defendant] to rest on a presumption of prejudice."); *Seltzer*, 595 F.3d at 1180 n.3 ("Generally, the court requires a delay of six years before allowing the delay itself to constitute prejudice."); *Toombs*, 574 F.3d at 1275 ("The twenty-two month delay, here, however, the vast majority of which was attributable to the defense, . . . does not constitute extreme delay.").

Accordingly, we determine whether the delay affected the three interests the speedy trial right protects: "(1) prevention of oppressive pretrial incarceration, (2) minimization of the accused's anxiety and concern, and (3) minimization of the possibility that a delay will hinder the defense." *Toombs*, 574 F.3d at 1275. Stine relies solely on the third interest. He argues that two potential defense witnesses died before trial and that a third moved to Yemen. But the government points out that these witnesses became unavailable before Stine's indictment, and Stine doesn't address this assertion or contend otherwise in his reply brief. Because these witnesses

10

became unavailable before Stine's speedy trial right attached, we can't consider any prejudice caused by their unavailability in determining whether the post-indictment delay prejudiced Stine. *Seltzer*, 595 F.3d at 1176. And Stine doesn't argue that any prejudice resulted from the subsequent post-indictment delay. Like his failure to assert the speedy trial right, "failure to show prejudice is nearly fatal to a speedy trial claim." *United States v. Gould*, 672 F.3d 930, 939 (10th Cir. 2012). We thus weigh this factor strongly against Stine.

Considering all four factors together, we conclude that Stine's Sixth Amendment speedy trial right wasn't violated. While the length of the delay was presumptively prejudicial, the reasons for the delay weigh against that factor, as do Stine's failure to assert his right and the lack of prejudice.

Because we find no error, we need not consider the remaining plain-error factors. The judgment of the district court is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge

11