F I L E D
United States Court of Appeals
Tenth Circuit

MAR 4 1998

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN RORY GONZALES,

Defendant-Appellant.

No. 96-4204

---

Appeal from United States District Court
for the District of Utah
(D.C. No. 95-CR-230)

---

Susan L. Foreman, Assistant Federal Public Defender (Michael G. Katz, Federal
Public Defender, with her on the brief), Denver, Colorado, for the appellant.

Gregory C. Diamond, Assistant United States Attorney (Scott M. Matheson, Jr.,
United States Attorney, with him on the brief), Salt Lake City, Utah, for the
appellee.

---

Before BRORBY, McKAY, and BRISCOE, Circuit Judges.

---

BRISCOE, Circuit Judge.

---

Defendant John Rory Gonzales appeals his armed bank robbery conviction, a violation of 18 U.S.C. §§ 2113(a), (d). On appeal, he contends his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, were violated when the district court granted an "ends-of-justice" continuance based upon the prosecutor's alleged inability to prepare for suggested trial dates within the speedy trial limits. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and reverse and remand.

The purpose of the Speedy Trial Act is two-fold--"to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings." United States v. Saltzman, 984 F.2d 1087, 1090 (10th Cir. 1993). The Act requires that a defendant be tried within seventy days from the filing date of the indictment or from the date on which defendant appears before a judicial officer, whichever date is later. See 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the seventy-day limit. See 18 U.S.C. § 3161(h)(1)-(9). In particular, the Act excludes any period of delay "resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

To qualify as an excludable "ends-of-justice" continuance, certain prerequisites must be met. First, the district court shall consider, among others, the factors listed in § 3161(h)(8)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

After considering these factors, the district court must set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Although the district court's findings "may be entered on the record after the fact, they may not be made after the fact." United States v. Doran, 882 F.2d 1511, 1516 (10th

-3-

Cir. 1989). Instead, the balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive. Id.

We review de novo a district court's application of the legal standards of the Act, and review the underlying factual findings for clear error. United States v. Spring, 80 F.3d 1450, 1456 (10th Cir. 1996). We apply an abuse of discretion standard to a district court's decision to grant an ends-of-justice continuance under § 3161(h)(8). United States v. Theron, 782 F.2d 1510, 1513 n.1 (10th Cir. 1986). In conducting our review, we must keep in mind that an ends-of-justice continuance is "a 'rarely used tool' for those cases demanding more flexible treatment," Doran, 882 F.2d at 1515, and the record must clearly establish the district court considered the proper factors at the time such a continuance was granted. Id. at 1516; see also United States v. Johnson, 120 F.3d 1107, 1111 (10th Cir. 1997); United States v. Carrasquillo, 667 F.2d 382, 387 (3d Cir. 1981) (concluding continuances under (h)(8)(A) "should be given only in unusual cases," such as "antitrust cases, and complicated organized crime conspiracy cases").

The armed bank robbery occurred on December 19, 1994. Gonzales was initially indicted on February 2, 1995, and the speedy trial clock began to run the following day. He filed a motion for discovery on February 9, 1995, stopping the

clock. On February 14, 1995, prior to any ruling on his motion for discovery, the government dismissed the indictment without prejudice. Thus, between February 2 and February 14, 1995, approximately six nonexcludable days elapsed. See United States v. Menzer, 29 F.3d 1223, 1227-28 (7th Cir. 1994) (when dismissal of original indictment is upon government's motion, reindictment does not result in fresh clock); United States v. Hoslett, 998 F.2d 648, 658 (9th Cir. 1993) (same); United States v. Leone, 823 F.2d 246, 248 (8th Cir. 1987) (same).

Gonzales was reindicted on November 30, 1995, but did not make his initial appearance until May 21, 1996. The clock began to run on May 22, 1996, and did not stop until June 28, 1996, when he filed a motion in limine and a request for admissions. Although the district court ruled on Gonzales' request for admissions on July 2, 1996, it did not decide the motion in limine until July 15, 1996. Thus, the time between June 28, 1996, and July 15, 1996, was excludable for purposes of the Act.

Between February 2, 1995, and July 15, 1996, approximately forty-three nonexcludable days accrued (six days between February 2 and 14, 1995, and thirty-seven days between May 22 and June 28, 1996). This left twenty-seven days and effectively gave the district court until August 12, 1996, to begin the trial.[1] Because Gonzales' trial did not actually start until August 26, 1996

---

[1] Technically, the seventy days would have expired on Sunday, August 11, 1996.

(continued...)

(approximately fourteen days over the limit), the question is whether there was sufficient time excludable between July 15 and August 26, 1996, to bring the trial within the seventy-day speedy trial limit.

On July 15, 1996, the district court held a hearing to establish the trial date. Although the court initially suggested August 5, 1996, the prosecutor indicated he was scheduled to be out of town part of the week of July 29, 1996, and it would be difficult to prepare for trial on August 5. The court then suggested August 19, 1996, but the prosecutor indicated he was scheduled to be out of town the week of August 12 and would have trouble preparing for trial on August 19. The court suggested August 26, 1996, and the prosecutor agreed, but defense counsel objected on speedy trial grounds. After briefly questioning the prosecutor about why he would be out of town the week of August 12, the district court asked the prosecutor about starting the trial on August 5 or 6. The prosecutor indicated he had three witnesses scheduled to leave town at various times during the week of July 22. He did not know when they would return, but he told the court it "would be extremely difficult" to begin trial on August 5 or 6. Based on this information, the court concluded the ends of justice would be best served by continuing the trial until August 26, 1996. Accordingly, the court excluded the time from

_____

[1](...continued)
However, under Fed. R. Crim. P. 45(a), if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day which is not a weekend or holiday.

August 12 through August 23 for purposes of the Act.  Pursuant to the court's instructions, the prosecutor prepared a written order setting forth the reasons for the continuance and the exclusion of time, and the signed order was filed on July 22, 1996.  The order stated:

> The time period from August 12, 1996, up to and including the new trial date of August 26, 1996, at 9:00 a.m., is hereby excluded from any calculation required by that act known as the Speedy Trial Act, . . . because the interests of justice outweigh the interest of the public and the defendant in a speedy trial.  This is based upon the finding that counsel for the United States would be denied the reasonable and necessary time to prepare for trial, taking into account due diligence, and risks which cause a potential miscarriage of justice and risk the continuity of counsel for the United States.

Record I, Doc. 36 at 4.

We conclude the district court failed to consider all of the necessary factors outlined in § 3161(h)(8)(B) prior to granting the continuance.  In particular, the transcript of the July 15 hearing reveals a complete lack of inquiry concerning the nature and complexity of the case at issue as required under § 3161(h)(8)(B)(ii) and (iv).  Similarly, there was a complete lack of inquiry concerning whether the prosecutor's absence justified a continuance on continuity of counsel grounds under § 3161(h)(8)(B)(iv) or whether the case could be tried adequately by other government counsel.  Although the court did conduct an inquiry into the prosecutor's ability to prepare for the trial dates proposed by the court, we are not satisfied the inquiry was adequate.  For example, the prosecutor alleged he would

be out of town for several days during the week of July 29, but did not explain why he would be out of town or whether his trip could be rescheduled. Similarly, although he alleged several witnesses were scheduled to be out of town in late July, there was no discussion concerning when those witnesses would return and be available for trial preparation. Finally, there was no discussion concerning how much time the prosecutor actually needed to prepare for trial and no discussion of what preparations he had already made. See 18 U.S.C. § 3161(h)(8)(C) (indicating an ends-of-justice continuance cannot be granted because of "lack of diligent preparation . . . on the part of the attorney for the Government"); United States v. Occhipinti, 998 F.2d 791, 797 (10th Cir. 1993) (district court has power to "grant an excludable continuance under § 3161(h)(8) where the government needs additional time to prepare, so long as the government has not created that need itself through lack of diligence"). Without this information, we fail to see how the district court adequately could have determined whether denial of a continuance would have deprived the prosecutor of "reasonable time necessary for effective preparation," 18 U.S.C. § 3161(h)(8)(B)(iv), let alone whether the purported reasons for granting the continuance outweighed the best interests of the public and Gonzales in a speedy trial.

Even assuming, arguendo, the district court properly considered all of the required factors, we conclude the court abused its discretion in granting an ends-of-justice continuance. A review of the trial transcript reveals this was a straightforward bank robbery case. The trial lasted three days, including jury selection. None of the information offered by the prosecutor at the July 15 hearing persuades us he could not have adequately prepared for an August 5 or 6 trial date. Although we have previously held adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act, Springs, 80 F.3d at 1457, such a reason must be supported by the information and evidence presented to the district court. Because the information presented at the July 15 hearing does not meet this burden, we are not persuaded the ends of justice were served by granting the continuance. As a result, we conclude the period of time covered by the continuance from the proposed August 5 or 6 trial date was not properly excludable under the Act.[2]

---

[2] At oral argument on appeal, the government asserted the district court also relied on a separate provision of the Act, § 3161(h)(3)(A), which excludes any period of delay resulting from the absence or unavailability of an essential witness. The government's assertion is not borne out by the record. Although the prosecutor did cite this provision at the July 15 hearing, the district court itself did not make any findings concerning the unavailability of witnesses nor rely on this provision in determining Gonzales' speedy trial rights. Moreover, the subsequent written order entered by the district court makes no reference to this provision.

In an attempt to salvage the case, the government argues it is irrelevant whether the ends-of-justice continuance was proper because Gonzales' filing of a motion to dismiss on speedy trial grounds on July 22, 1996, tolled the Act before it could expire. We disagree. Gonzales filed a one-page "Motion to Dismiss" on July 22, 1996. Reviewing the contents of that motion, we agree with Gonzales that it simply served to reduce to writing the objections he raised at the July 15 hearing concerning the propriety of the ends-of-justice continuance. Because the district court had already resolved the issue against him, the motion was effectively moot at the time it was filed and, at best, served simply to memorialize Gonzales' objections in writing and preserve the issue for appeal. Thus, no hearing was required and no delay resulted from the filing of that motion. The case proceeded to trial without further mention of the motion by either the court or the parties. We therefore conclude, under the plain language of § 3161(h)(1)(F), that no excludable time resulted from the filing of the motion.[3] See generally, United States v. Lampley, 127 F.3d 1231, 1244 (10th Cir. 1997)

---

[3] We recognize Gonzales filed a "Memorandum in Support of Motion to Dismiss for Speedy Trial Violation" on August 24, 1996, in which he argued the government failed to take into account approximately nineteen includable days in making its speedy trial calculations at the July 15 hearing. The district court did not rule on this argument until Gonzales' sentencing hearing when it summarily rejected Gonzales' argument based on representations made by the prosecutor. Because this pleading was filed after the Act had already expired, and because its filing did not result in any delay, we conclude it is irrelevant for purposes of resolving Gonzales' speedy trial claim.

("any delay attributable to the filing and resolution of . . . pretrial motions is excluded" under (h)(1)(F)).

Having determined Gonzales' Speedy Trial Act rights were violated, we conclude the charge against him must be dismissed. See Johnson, 120 F.3d at 1112. In accordance with the general practice of this court, we remand this case to the district court to assess whether the dismissal should be with or without prejudice. Id. In making this determination, the district court shall be guided by the factors outlined in 18 U.S.C. § 3162(a)(2). Id.

REVERSED and REMANDED for further proceedings.