**UNITED STATES of America, Plaintiff,**

**v.**

**Jory Rory GONZALES, Defendant.**

**No. 2:98CR392.**

United States District Court,
D. Utah,
Central Division.

Dec. 30, 1998.

Stewart C. Walz, Salt Lake City, UT, for plaintiff.

David W. Brown, West Valley City, UT, for defendants.

## ORDER

J. THOMAS GREENE, District Judge.

This matter is before the Court on Defendant's motion for new trial concerning his conviction by a jury of armed bank robbery on October 9, 1998. Pertinent facts are set forth in the Tenth Circuit's remand opinion in which a prior conviction of defendant for the same offense was overturned. *U.S. v. Gonzales,* 137 F.3d 1431 (10th Cir.1998).

A hearing on defendant's motion was conducted on December 9, 1998. Defendant was present in court and represented by David W. Brown. The government was represented by Stewart C. Walz, Assistant United States Attorney. The matter was fully briefed, and after extensive argument the motion was taken under advisement.

Now being fully advised, the court enters its order denying defendant's motion for new trial.

Defendant bases his motion on two contentions: (1) lack of an impartial jury because of failure of a juror to provide information during voir dire; and (2) newly discovered exculpatory evidence.

*Failure of Juror to Volunteer Information*

■ Defendant claims that a juror, Ana Marie Burrell, failed to provide information which, if supplied, would have provided the basis for a challenge for cause. In this regard, after the trial was concluded it was discovered that Ms. Burrell's daughter-in-law is presently employed at the credit union involved in the robbery, although she was not so employed when the robbery took place. This fact was not disclosed during the voir dire proceedings at trial. However, no direct question was requested by defendant or put to the jury or to Ms. Burrell concerning a relationship with employees at the credit union. The transcript of the voir dire proceedings reflects that the Court asked members of the jury panel the following question:

> [The jury] become(s) the judges of facts. Members of the jury are required to weigh the evidence.... do any of you have any doubt that you would be able to judge this case and make your determination and render a verdict only and solely upon the basis of evidence presented in open court? If you have any doubt about that, don't feel that you could do it, raise your hand. (Tr. Pp. 30–8, 30–18).

One potential juror, Ms. Downard, raised her hand and said, "About 15 years ago, I was a bank teller in a small town in southern Utah." (Tr. P. 31–2). The court asked, "You feel that you may not be able to be wholly impartial in this case, is that correct?" (Tr. P. 31–9), to which Ms. Downard responded, "Yes. I would try to be but it would be hard." (Tr. P. 31–11). The Court then asked:

> Does anyone else have that kind of feeling about your participation here? What we need to know is that you will judge this case on the basis of what is presented for this case and not decide it on the basis of some experience or some other case that you either have known about or been in-

volved in. So does anyone else have that kind of a problem? (Tr. P. 31–13).

No hands were raised in response.

The Supreme Court has noted that "one touchstone of a fair trial is an impartial trier of fact—'a jury capable and willing to decide the case solely on the evidence before it.'" *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 554, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984) *citing Smith v. Phillips,* 455 U.S. 209, 217, 102 S.Ct. 940, 946, 71 L.Ed.2d 78 (1982). With regard to juror bias based upon voir dire questioning, the Tenth Circuit has held that an allegedly biased juror must have intentionally failed to answer a question honestly, stating that the test is whether there were "intentionally incorrect responses." *Gonzales v. Thomas,* 99 F.3d 978, 983 (10th Cir.1996). More recently, the Tenth Circuit has ruled that where a juror gives a mistaken response or fails to respond to a question on voir dire, a new trial may be granted only if:

> "[a] party .... [f]irst demonstrate[s] that a juror failed to answer honestly a material question on voir dire, and then further show[s] that a correct response would have provided a valid basis for a challenge for cause." *Manzanares v. Allen,* 166 F.3d 347 (10th Cir.1998)

In *Manzanares,* the facts are closely on point. The District Judge had propounded a question to the entire panel of potential jurors regarding the jurors' ability to remain impartial:

> I would like to know if any of you have anything you would like to point out to the court or feel that you have anything in your background or past that might make it difficult for you to sit in judgment of a case that involves a minority youth, Mr. Manzanares, his Hispanic origin and the police shooting incident. Any hands?

One juror, Ms. Foreman, failed to raise her hand to this question, and later it was discovered that her son had been shot and killed in a gang shootout two years prior under very similar circumstances. The Tenth Circuit panel held that the juror's failure to volunteer that information did not establish bias. The Court said:

> "[b]y not raising her hand Ms. Foreman indicated that she had no bias, either for or against Manzanares, because he was Hispanic.... and the fact [of her son's death] certainly is, itself, non-probative of racial bias.... The inquiry of the District Court was not so framed as to elicit the fact that Ms. Foreman's son had been shot and killed two years earlier in a gang shooting...." *Manzanares,* 166 F.3d 347 (10th Cir.1998).

In this case, at no point during voir dire did Ms. Burrell express concern that her daughter-in-law's employment at the credit union would cause her to be either actually or implicitly biased. It does not follow that bias exists simply because of her daughter-in-law's employment. From the record before us, Ms. Burrell's failure to respond to the Court's aforesaid inquiries indicates she felt that she could be impartial, and nothing suggests an intentional failure to answer a material question honestly. Accordingly, Defendant's motion cannot be granted on this basis.

*Newly Discovered Exculpatory Evidence*

Defendant also asserts that newly discovered evidence of an exculpatory nature, and the government's failure to produce such exculpatory evidence warrants a new trial. In this regard, Defendant points to the prosecution's failure to reveal until late in the trial that (a) a third person named "Miguel" had been involved in other crimes with the convicted bank robber in this case; (b) that a third photo spread of Defendant which defense counsel had not previously examined was in existence; and that (c) a key witness had been shown a photo spread by the F.B.I. contrary to prior representations.

Defendant claims that after the close of evidence in the fourth day of trial, F.B.I. Special Agent Sonja Sorenson revealed to defense counsel that an individual named "Miguel" was under investigation by the F.B.I. for other robberies involving Clyde Maestas, a co-defendant who had previously been convicted. Only at the trial did Defendant learn that the men were apprehended together in Texas in connection with robberies there. Defendant maintains that this evidence newly discovered at trial is material to

his innocence because it casts doubt on whether Defendant was the individual who accompanied Clyde Maestas in the credit union robbery. However, no evidence was uncovered to suggest that "Miguel" was a suspect or that he had been investigated in connection with the robbery in question. Under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the prosecution has a duty to disclose all information material either to guilt or punishment of the defendant. However, "unless the evidence was 'obviously exculpatory' or 'clearly supportive of a claim of innocence,' the prosecution has no duty to disclose it." *U.S. v. Rhodes* 569 F.2d 384 at 388 (5TH Cir.1978). In the case at bar, the information relating to an unknown "Miguel" is unrelated to and not exculpatory of Defendant's innocence since it involves bank robberies other than the credit union robbery in question. Therefore, nothing before the court would require a new trial because of this alleged exculpatory evidence.

■ Defendant also claims the prosecution failed to inform him until the final day of live testimony at trial that in addition to the two photo spreads presented as evidence at the trial, a third photo spread of John Rory Gonzales existed, although never shown to any individual. Defendant asserts that the prosecution's failure to allow defense counsel to examine the photo spread and its accompanying notes prior to trial creates a proper basis for a new trial. Defendant further claims that, contrary to prior representations, he learned at trial that one of the two photo spreads which had been admitted as evidence in fact had been shown by the F.B.I. to Officer Brad Sundquist, a key defense witness in the trial. The Defendant asserts that this new information is material to Defendant's innocence because Office Sundquist could not positively identify the Defendant as being in the vehicle at the time of the robbery, although he believed that he had previously been shown a photo spread admitted into evidence which included a picture of the Defendant.

The Tenth Circuit has held that *Brady v. Maryland* is not violated if previously unknown information is revealed to Defendant in sufficient time for the defendant to make use of it during trial. *United States v. Scarborough,* 128 F.3d 1373, 1376 (10th Cir.1997), *citing U.S. v. Warhop,* 732 F.2d 775, 777 (10th Cir.1984). In this regard, the Court said:

> " '[w]hile we strongly disapprove of delayed disclosure of Brady materials, that alone is not always grounds for reversal. As long as ultimate disclosure is made before it is too late for the defendant[ ] to make use of any benefits of the evidence, due process is satisfied.' "

It is undisputed in this case that defense counsel during the trial received the information regarding the existence of an unused third photo spread, as well as information that Officer Brad Sundquist had been shown one or both of the photo spreads which were admitted as exhibits. This provided counsel for the Defendant with ample time to deal with the newly discovered information, and to argue its effect in the closing argument. Accordingly, a motion for a new trial cannot be granted on this basis.

Based upon the foregoing, it is hereby

ORDERED, that defendant's Motion for a New Trial is DENIED.