TYMKOVICH, Circuit Judge,
dissenting in part; concurring in part.
Because I conclude this case complied with the Speedy Trial Act and that the district court made adequate findings supporting the various ends-of-justice continuances, I respectfully dissent. I concur with the majority’s disposition of the Sixth Amendment speedy trial claim.
I.
“[C]riminal cases vary widely and ... there are valid reasons for greater delay in particular cases”; therefore, the Speedy Trial Act offers “flexibility” by including “a long and detailed list of periods of delay that are excluded in computing the time within which trial must start.” Zedner v. United States, 547 U.S. 489, 497, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). Examples of relevant exclusions include a “reasonable period of delay” attributable to a proceedings of a co-defendant, 18 U.S.C. § 3161(h)(6), and delay attributable to an ends-of-justice continuance. 18 U.S.C. § 3161(h)(7).
“Much of the Act’s flexibility is furnished by § 3161(h)[ (7) ], which governs ends-of-justice continuances.” Zedner, 547 U.S. at 498, 126 S.Ct. 1976. This provision excludes “[a]ny period of delay resulting from a continuance granted by any judge ... on the basis of ... findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.” § 3161(h)(7). It “gives the district court discretion — within limits ... — to accommodate limited delays for case-specific needs.” Zedner, 547 U.S. at 499, 126 S.Ct. 1976.
As we have repeatedly emphasized, in granting an ends-of-justice continuance, the district court must set forth, “in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.” § 3161(h)(7)(A); United States v. Williams, 511 F.3d 1044, 1056 (10th Cir. *1277 2007) (“The Tenth Circuit [] recognizes the importance of enunciating the ends of justice findings.”) (citation omitted). “[I]t must be clear from the record that the trial court struck the proper balance when it granted the continuance.” Williams, 511 F.3d at 1056 (citing United States v. Spring, 80 F.3d 1450, 1456 (10th Cir.1996)). Although the court’s consideration of the factors must be contemporaneous with granting the continuance, the court may delay in entering its findings on the record. See, e.g., United States v. Hill, 197 F.3d 436, 441 (10th Cir.1999).
Our cases do not require the court to rehash facts which are obvious or adequately set forth in the motion for the continuance itself. United States v. Occhipinti, 998 F.2d 791, 797 (10th Cir.1993). Moreover, although we require an adequate explanation of the grounds for granting a continuance, the district court’s ends-of-justice findings need only be minimally sufficient to allow judicial review. See id. at 798 (noting that a more thorough articulation would have been better, but concluding the findings were sufficient); see also Spring, 80 F.3d at 1457 (finding that although the district court’s oral ends-of-justice findings were “not a model of clarity,” they were sufficient, and observing that “what is clear is that the reason for granting the continuance is that new counsel would be unable to prepare for the upcoming trial”).
I disagree with the majority that this case suffers from the infirmities in Williams, 511 F.3d at 1056-58 or United States v. Gonzales, 137 F.3d 1431, 1433-35 (10th Cir.1998). Instead, I conclude this case comported with the Speedy Trial Act’s requirements and that the district court made adequate findings supporting the various ends-of-justice continuances. I would therefore affirm.
I also hasten to add that most of the delays in this case are attributable to the defendant. Seven of nine continuances were filed by defense counsel, accounting for approximately two-thirds of the trial delay. While that fact does not overcome the public’s interest in a speedy trial, the public’s concern is mitigated where defense counsel contends that the additional time is necessary for an adequate defense at trial. The public has little interest in defense counsel rushing to trial inadequately prepared.
II.
The majority takes issue with the district court’s two continuances of May 1, 2007 and July 10, 2007. As to each, defense counsel filed a motion seeking a continuance because additional discovery had been recently disclosed to the defendant which required additional investigation. In the two orders, the court observed that it had been provided sufficient information in support of the continuances, and found they should be granted “in order for the defense to adequately prepare and for the reasons stated in the motion[s].” Aplt. App. at 52, 56. The court further found that the period of delay resulting from the continuances would be excludable under the ends-of-justice provision in that the need for the continuance outweighed the interest of the public and the defendant in a speedy trial.
In my view, both of these orders are sufficient under our case law. The district court knew of the defendant’s statutory speedy trial rights and provided a sufficient record that it had conducted the proper balancing when it granted the continuances. Whether the failure to grant a continuance would deny defense counsel reasonable time for necessary preparation is an appropriate factor for the court to consider in making an ends-of-justice determination. See § 3161(h)(7)(B)(iv); see also Williams, 511 F.3d at 1058 (noting *1278 that § 3161(h)(7)(B)(iv) authorizes a continuance to allow counsel adequate trial preparation time); Spring, 80 F.3d at 1457 (explaining that adequate preparation time is a permissible reason for granting a continuance). The court considered this factor, and was not required to address other factors that did not apply. See Occhipinti, 998 F.2d at 798 (explaining that the court articulated as the basis for its conclusion its belief that a continuance was necessary to allow the government sufficient time to prepare for trial and that we “do not require district judge’s [sic] to address those factors that do not apply”).[1]
In sum, the court weighed defense counsel’s need for time against the public and defendant’s interest in a speedy trial, and made sufficient findings. The court articulated a proper basis for its conclusion that the continuances were appropriate despite speedy trial interests, and that the need for time to adequately prepare outweighed those speedy trial interests. The court expressly referenced the reasons in defense counsel’s motion, and that motion explained that additional discovery recently had been disclosed to the defendant requiring additional investigation. The court need not state the obvious, and although more thorough findings might have been helpful, our precedent does not require more. See Occhipinti, 998 F.2d at 797-98 (concluding the findings supporting the continuance were sufficient when the district court recognized the government’s need for time to prepare, endorsed the reasons the government raised in its motion, and explicitly stated that “the period of delay resulting from the continuance granted pursuant to this Order shall be excludable time as provided in 18 U.S.C. § 3161(h)[ (7) ] in that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial”).
This case is distinct from both Williams, 511 F.3d at 1056-58, and Gonzales, 137 F.3d at 1433, on which the majority relies. First, in Williams, the district court’s orders did not contain any findings or were especially conclusory, the court did not hint that it weighed the relevant factors, and, finally, the court did not even cite the Act’s ends-of-justice provision. 511 F.3d at 1057-58. Unlike here, none of the orders at issue in Williams included findings addressing Williams’s stated grounds for a continuance — his new counsel’s claimed need for time to familiarize himself with the case, or the need for more time to prepare for trial. Id. at 1058. Instead, the court merely noted the presence of new counsel and granted the continuance. Id. In contrast, in this case the court specifically recognized counsel’s need for additional time to prepare, referenced the reasons outlined in counsel’s motion — namely that new discovery had arrived requiring additional investigation — and concluded the continuance served the ends of justice. Although the majority sees it differently, Williams is readily distinguishable from this case, and not solely because the court there failed to cite the ends-of-justice provision.
Gonzales, too, is distinct from this case. There, the prosecutor argued he would be out of town on days preceding prospective trial dates, which would render it difficult for him to prepare for trial. 137 F.3d at 1434. As to an additional proposed trial date, the prosecutor stated he had witnesses scheduled to leave town during the weeks preceding that date and he did not *1279 know when they would return. Id. The court then granted an ends of justice continuance because counsel would be denied reasonable and necessary time to prepare for trial. Id. We found this insufficient, emphasizing the lack of inquiry into whether the case could be tried by another prosecutor, why the prosecutor would be out of town, whether the trip could be rescheduled, when witnesses would return, the complexity of the case, or what preparations had already been made. Id. at 1434-35.
In contrast, here, defense counsel informed the court that additional discovery recently had been disclosed, and that the additional discovery required further investigation. Even if significant preparations had already been made prior to the arrival of the discovery, new discovery could require additional preparation, and counsel here attested that the discovery did in fact require more investigation. Although the majority appears to mandate that the district court inquire into the exact nature of the additional discovery, neither the Act nor our precedent requires this. And any inquiry should be contextual. For instance, defense counsel may not want to tip off the prosecution why an additional investigation is necessary. Moreover, the very reason additional time is necessary is that counsel needs time to figure out the effect of new discovery on trial strategy and to investigate potential leads created by that discovery. Thus, counsel seeking additional time may not yet know the full implications of the discovery. It is enough that defense counsel, as an officer of the court, represented to the court that recently disclosed discovery merited additional investigation. Nothing on this record suggests the request lacked merit or was made in bad faith, and I would leave the policing of the outer limits of an ends-of-justice continuance to the sound discretion of the district court.
I nonetheless do not mean to imply that it would not have been helpful for the court to inquire into the amount of discovery, or into counsel’s impressions of it. I merely would hold that although the court’s findings and inquiries could have been better, they were sufficient. Indeed, the court recognized counsel’s need for additional time, referenced the reasons elucidated in counsel’s motion, and explicitly concluded that the ends of justice were served by the grant of the continuance here. The court weighed counsel’s need for time to prepare against the defendant’s and public’s speedy trial interests, and it was clear from the record that “the trial court struck the proper balance when it granted the continuance.” Williams, 511 F.3d at 1056 (citing Spring, 80 F.3d at 1456). Nothing more is required.

. The fourth factor, § 3161 (h)(7)(B)(iv), instructs courts to consider "[w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii)," would deny counsel for the defendant reasonable time necessary for effective preparation. § 3161(h)(7)(B)(iv) (emphasis added).