FILED
United States Court of Appeals
Tenth Circuit

January 7, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDUARDO HERNANDEZ-MEJIA,

Defendant-Appellant.

No. 09-2171
(D.C. No. 1:05-CR-00469-JB-2)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ,** Circuit Judge, and **PORFILIO** and **BRORBY**, Senior Circuit Judges.

---

In April 2008, over three years after he made his initial appearance in the district court in March 2005, defendant-appellant Eduardo Hernandez-Mejia was convicted by a jury of conspiring to distribute heroine and cocaine, distributing cocaine, and using a telephone to facilitate drug-trafficking offenses. The district

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court sentenced Mr. Hernandez-Mejia to 178 months' imprisonment and five years' supervised release.

On appeal the issue is whether Mr. Hernandez-Mejia's right to a speedy trial under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, was violated, as Mr. Hernandez-Mejia argued in a pro se motion to dismiss indictment that was submitted to the district court in February 2008 and denied by the district court during trial.[1]  Although Mr. Hernandez-Mejia's court-appointed appellate counsel has filed a brief and a related motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), declaring that this appeal is "wholly frivolous," Aplt. Opening Br. at 1, we conclude that this appeal not only has arguable merit but in fact requires a reversal for violation of the Speedy Trial Act.

Exercising jurisdiction under 28 U.S.C. § 1291, we therefore **REVERSE** the district court's denial of Mr. Hernandez-Mejia's motion to dismiss, and **REMAND** this action to the district court to determine, in accordance with 18 U.S.C. § 3162(a)(2), whether the dismissal of the superseding indictment filed in October 2005 should be with or without prejudice.

---

[1]     In his pro se motion to dismiss indictment, Mr. Hernandez-Mejia did not assert that his right to a speedy trial under the Sixth Amendment had been violated.  As a result, the district court addressed only his statutory claim under the Speedy Trial Act.  We will likewise limit our analysis to the Speedy Trial Act claim.

**INTRODUCTION**

Because this case was pending for over three years before Mr. Hernandez-Mejia's trial commenced in April of 2008, the proceedings in the district court were extensive. They involved, among other things, numerous motions for "ends of justice" trial continuances under 18 U.S.C. § 3161(h)(7)(A),[2] several motions in limine, and a lengthy process to determine whether Mr. Hernandez-Mejia was competent to stand trial. To resolve this appeal, however, we can focus on only a few motions and a more limited time period.

As set forth below, we have concluded that the trial-continuance orders entered by the district court on March 9, April 16, May 14, and June 13, 2007 did not comply with the requirements of 18 U.S.C. § 3161(h)(7)(A) and (B) as construed by this court's case law. Consequently, the period between March 9 and August 20, 2007,[3] is not excluded in computing the time within which Mr. Hernandez-Mejia's trial was required to commence under the Speedy Trial Act.[4]

---

[2]    In October 2008, Congress redesignated 18 U.S.C. § 3161(h)(8) as 18 U.S.C. § 3161(h)(7). *See United States v. Toombs*, 574 F.3d 1262, 1266 n.3 (10th Cir. 2009). To avoid confusion, we use the current numbering throughout this order and judgment.

[3]    On August 20, 2007, Mr. Hernandez-Mejia's counsel filed a motion for a pretrial psychiatric/psychological examination, and the filing of that motion tolled the running of the speedy-trial clock. *See* 18 U.S.C. § 3161(h)(1)(A).

[4]    In its reply brief filed on October 22, 2010, the government claimed that the period between March 27, 2006, when it filed several motions in limine, and April 30, 2007, when the district court entered written orders ruling on the

(continued...)

Because this time period exceeded the 70 days allowed by the Act, *see* 18 U.S.C. § 3161(c)(1), the Act was violated.

## PROCEEDINGS BELOW

On January 14, 2008, the government filed a pleading entitled "United States' Declination to Address the Merit of Defendant Hernandez-Mejia's Pro Se Motion to Dismiss Indictment Based on a Violation of the Speedy Trial Act." R., Doc. 390. In this pleading the government stated:

> 1. Defendant Hernandez-Mejia filed a *Pro Se* Motion asking the court "to dismiss the indictment [under the Speedy Trial Act] due to the excessive delay to bring the case to trial . . . ." Def Mot. p.1.

> 2. The Court has appointed Edward Bustamante as counsel of record for Defendant Hernandez-Mejia. Mr. Bustamante did not file Defendant Hernandez-Mejia's *Pro Se* Motion on his behalf.

> 3. On September 4, 2007, the Court ordered that Defendant Hernandez-Mejia undergo a psychiatric/psychological examination. The Court has yet to rule on the findings of Mr. Eric Westfried, Ph.D.

---

[4](...continued)
motions, is excludable under 18 U.S.C. § 3161(h)(1)(D). But at most these pretrial motions tolled the speedy-trial clock only from March 27 through December 21, 2006, which was 30 days after the hearing on November 21, 2006, when the district court took the motions under advisement. *See* 18 U.S.C. § 3161(h)(1)(D) and (H); *Henderson v. United States*, 476 U.S. 321, 329, 330 (1986) ("Congress intended [§ 3161(h)(1)(D)] to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a motion and the conclusion of the hearing on the motion[,]" and "[§ 3161(h)(1)(H)] permits an [additional] exclusion of 30 days from the time a motion is actually 'under advisement' by the court."). Further, there are no relevant excludable periods because of any events involving Mr. Hernandez-Mejia's codefendants. *See* 18 U.S.C. § 3161(h)(6).

-4-

4. Defendant Hernandez-Mejia filed his *Pro Se* Motion during the time period in which the Court has Ordered that he undergo a psychiatric/psychological examination.

. . . [F]or all the above reasons, [the United States] declines to address the merit of Defendant Hernandez-Mejia's *Pro Se* Motion.

*Id.* at 1-2.

A month later the government filed a pleading entitled "United States' Clarification of Record Concerning Previous Filing." *Id.*, Doc. 394. This pleading informed the district court that Mr. Hernandez-Mejia had in fact not filed his motion with the court, but had only mailed a copy to counsel for the government. Consequently, to clarify the purpose of its "Declination" pleading, the government submitted "a copy of Defendant Hernandez-Mejia's referenced Motion . . . into the Court record as Government Exhibit 1." *Id.* at 1.

After Mr. Hernandez-Mejia filed a reply in support of his motion, the district court held a hearing on the motion on March 19, 2008. At the beginning of the hearing the government argued that there was "no issue before this Court" regarding the Speedy Trial Act because the motion to dismiss had never been filed, it was "written by the defendant himself and not filed by his attorney," and "it occurred during a time when he was under -- the Court had ordered that he be evaluated." *Id.*, Doc. 523 at 4-5. Counsel for Mr. Hernandez-Mejia, Edward O. Bustamante, responded as follows:

> . . . Judge, I did not join the motion.
>
> . . . .
>
> . . . Judge, on Mr. Mejia's behalf, I will state frankly to the Court that I have discussed this motion with him. It is a pro se motion, Your Honor. And I sympathize with him, but it is my belief, Judge, that given the chronology of the case, given the complications in the case, that this motion does fail.
>
> On the other hand, Your Honor, I am his counsel and I have told him that I will relay his concerns, Your Honor, to the Court and ask the Court to rule on the pleadings . . . .
>
> . . . .
>
> Again, Judge, I cannot in good faith say to the Court [that] I think you should dismiss this case. [But it is] Mr. Mejia's request, Your Honor, that the Court look at what's happened to him and . . . consider the fact that he's remained in custody for three years . . . .

*Id.* at 5-7.

At the conclusion of the hearing, the district court said that it would address the merits of Mr. Hernandez-Mejia's pro se motion despite the arguments advanced by the government. It said that although it was inclined to deny the motion, it needed additional time to review the record and the chronology of the case, and the court thus took the motion under advisement.

On April 8, 2008, the second day of Mr. Hernandez-Mejia's trial, the district court entered a memorandum opinion and order denying the pro se motion, reasoning as follows:

> The Court agrees with the United States that Hernandez-Mejia has an appointed counsel who did not file Hernandez-Mejia's motion

-6-

on his behalf, and that, at the time Hernandez-Mejia filed his motion, the Court had ordered him to undergo a psychiatric/psychological exam and had not yet ruled on his competency. The Court also notes that, at the time Hernandez-Mejia filed his motion, there was a stay on proceedings that was not lifted until March 19, 2008. Regardless of these issues, however, the Court will address the merits of Hernandez-Mejia's motion. Because the Court believes that the Speedy Trial Act was properly tolled, the Court finds that Hernandez-Mejia's rights under the Speedy Trial Act were not violated and thus will deny his motion.

The Court notes that the complexity of this case has contributed to the appropriate delay. In March of 2005, the United States filed a motion to designate the case as a complex case [under 18 U.S.C. § 3161(h)(7)(B)(ii)] and order a non-standard discovery order. . . . In April of 2005, the Court granted the United States' motion for a status conference for the purpose of designating the case as a complex case and issuing a non-standard discovery order. In May of 2005, the Court issued an order designating this case as a complex case and setting a non-standard discovery schedule to accommodate such complexity. The order designating the case as a complex case scheduled a jury trial for January 23, 2006. . . .

On January 3, 2006, Hernandez-Mejia filed a motion to continue his trial, which the Court granted. From that point until the present time, Hernandez-Mejia, and the United States, have filed numerous motions to continue. The Court notes that the majority of these requests were from Hernandez-Mejia, and were requests to vacate and to continue his trial. . . . . Thus, while the Court acknowledges that Hernandez-Mejia's case has been ongoing since March of 2005, the case's lengthy continuation has not caused a violation of the Speedy Trial Act. Rather, the majority of the delay has been caused by the Court's appropriate granting of Hernandez-Mejia's requests to vacate and to continue his trial as well as the Court's designation of the case as complex. . . .

. . . .

. . . [A]ll of the delay resulting from the requests for continuance is not calculated for purposes of the Speedy Trial Act. Furthermore, for each such continuance, the Court tried to carefully set forth, in the

record, its reasons for finding that the ends of justice served outweighed the interests of the public and the defendant in a speedy trial.

R., Doc. 436 at 16-18, 22 (footnote omitted).

During the trial Mr. Hernandez-Mejia made an oral pro se motion for the district court to reconsider its denial of his motion to dismiss indictment. The court denied the motion for the following reasons:

> Hernandez-Mejia does not specifically argue that the Court failed to make adequate on-the-record findings to support its exclusion of any particular period or periods of time, as the Defendant did in United States v. Williams, 511 F.3d 1044, 1056-59 (10th Cir. 2007). As the Court stated in its previous opinion, Hernandez-Mejia has the burden to support his motion. See 18 U.S.C. § 3162(a)(2) . . . . This case is a complicated case in which the Court has granted numerous motions to continue. Hernandez-Mejia fails to argue that any particular order to continue was insufficient, or that any particular period or periods of time were improperly excluded. Accordingly, Hernandez-Mejia did not carry the burden to support his motion.

*Id.*, Doc. 454 at 2.

## PROCEEDINGS ON APPEAL

Mr. Hernandez-Mejia's court-appointed appellate counsel filed an opening brief in this appeal under *Anders v. California*, 386 U.S. 738 (1967), in which he "state[d] and affirm[ed] that, after an extensive and conscientious review of the record on appeal in this matter, the appeal of Eduardo Hernandez-Mejia's conviction and sentence . . . is wholly frivolous." Aplt. Opening Br. at 1. Counsel informed this court, however, that a potentially appealable issue was whether the district court erred in denying Mr. Hernandez-Mejia's motion to

dismiss indictment based on a violation of the Speedy Trial Act. After reviewing

the *Anders* brief, this court determined that a response from the government

would be helpful, and the court therefore entered an order directing the

government:

> to address with particularity each event that potentially or allegedly
> tolled the Speedy Trial clock, including specific citation to the record
> wherein the district court made clear its reasons for granting each
> ends-of-justice continuance under the Act. *See United States v.
> Toombs*, 574 F.3d 1262 (10th Cir. 2009). The government is directed
> to address the merit of those tolling issues and arguments.

Order filed on July 29, 2010 at 1-2. The government filed an answer brief and a

supplemental record addressing the Speedy Trial Act issues, and both sides have

also filed reply briefs.

## ANALYSIS

### I.  Mr. Hernandez-Mejia's Pro Se Status

The government argues that the district court abused its discretion in

considering Mr. Hernandez-Mejia's Speedy Trial Act claim because "[a]

defendant in a criminal case has no right to represent himself on some aspects of

the case, and to have an attorney appointed at public expense to represent him on

other aspects of the case." Aplee. Answer Br. at 10. According to the

government,

> [I]n this case, Hernandez's lawyer told the district court that there
> was no legal basis for the court to dismiss the case, and that the
> lawyer could not in good faith argue the position his client was
> seeking to advance. Under these peculiar circumstances, the district

-9-

court should have adopted the position advocated by the lawyer and the prosecutor, and refused to consider the [motion to dismiss] filed by defendant.

*Id.* at 10-11.

Although the government is correct that a criminal defendant does not have a "constitutional right to a hybrid form of representation," *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995), district courts nonetheless have discretion to accept pro se filings made by represented defendants, *see United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976) ("[P]ermission for [hybrid representation] [is] recognized as being discretionary with the trial court."); *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975). The district court did not abuse its discretion in considering Mr. Hernandez-Mejia's pro se motion. When his motion was submitted to the court in February 2008, he had been in pretrial detention for almost three years. This was a long delay, and we commend the district court for its decision to examine thoroughly the question whether Mr. Hernandez-Mejia's right to a speedy trial had been violated. Further, we see no abuse of discretion by the district court arising from the manner in which the motion to dismiss indictment was submitted to the court or from the absence of a resolution at that time of Mr. Hernandez-Mejia's competency to stand trial.

Before proceeding to the merits, we note that, as set forth above, the district court denied Mr. Hernandez-Mejia's motion for reconsideration on the ground that he did not carry his burden under 18 U.S.C. § 3162(a)(2) of

supporting his motion to dismiss because he "fail[ed] to argue that any particular order to continue was insufficient, or that any particular period or periods of time were improperly excluded." R., Doc. 454 at 2. But this was not the basis of the court's initial denial of Mr. Hernandez-Mejia's motion to dismiss, so we do not address this ground for denial, particularly in light of the lengthy pretrial delay and the obvious difficulties faced by a pro se defendant whose counsel chooses not to raise a speedy-trial challenge. Instead, in accordance with the briefing order that this court entered on July 29, 2010, and with the approach initially taken by the district court, we have carefully reviewed all the proceedings before the district court to determine whether the Speedy Trial Act was violated.

## II. Speedy Trial Act

### A. Standard of Review

We review for an abuse of discretion the denial of a motion to dismiss based on a violation of the Speedy Trial Act. *See United States v. Larson*, No. 09-4172, __ F.3d __, 2010 WL 5151635, at *1 (10th Cir. Dec. 20, 2010). We also review the decision to grant an ends-of-justice continuance for an abuse of discretion. *See Toombs*, 574 F.3d at 1268. The district court's compliance with the legal requirements of the Speedy Trial Act is reviewed de novo, and its underlying factual findings are reviewed for clear error. *Id.*

## B. Ends-of-Justice Continuances

The Speedy Trial Act requires that a federal criminal trial commence within 70 days of the filing of the information or indictment or of the defendant's initial appearance, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). Among other exclusions, the Act excludes from this 70-day period "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). "This ends-of-justice exclusion is meant to be a rarely used tool for those cases demanding more flexible treatment." *Larson*, 2010 WL 5151635, at *2 (internal quotation marks omitted).

In determining whether to grant an ends-of-justice continuance, the district court must consider the following factors:

> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> **(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to

-12-

obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). Also, the district court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

This court has interpreted strictly the requirements of § 3161(h)(7)(A) and (B). We have held (1) that to satisfy the requirements of § 3161(h)(7)(A), the district court must make explicit oral or written on-the-record findings explaining the reasons why a trial continuance is necessary, unless the facts supporting the continuance "are obvious and set forth in the motion for the continuance itself," *United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993) (internal quotation marks omitted); (2) that "the record must clearly establish [that] the district court considered the proper factors at the time such a continuance was granted," *Toombs*, 574 F.3d at 1269; (3) that "it must be clear from the record that the trial court struck the proper balance when it granted the continuance," *United States v. Williams*, 511 F.3d 1044, 1056 (10th Cir. 2007) (alteration and internal quotation marks omitted); and (4) that although adequate trial-preparation time is a permissible reason for granting a continuance and tolling the Act, "such a

-13-

reason must be supported by the information and evidence presented to the district court," *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998).

The practical application of these principles was explained in *Toombs*:

> Our decisions in *Williams* and *Gonzales* indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35. A record consisting of only short, conclusory statements lacking in detail is insufficient. For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial. *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35. Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough. *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35.

*Toombs*, 574 F.3d at 1271-72 (footnote omitted).

Applying these demanding standards to the district court's orders granting ends-of-justice continuances in this case, we conclude that the orders entered on March 9, April 16, May 14, and June 13, 2007 did not comply with the requirements of § 3161(h)(7)(A) and (B). Thus, the entire period from March 9 to August 20, 2007,[5] is not excluded in computing the time within which

---

[5]     As explained above, on August 20, 2007, Mr. Hernandez-Mejia's counsel filed a motion for a pretrial psychiatric/psychological examination, and the filing of that motion tolled the running of the speedy-trial clock. *See* 18 U.S.C. § 3161(h)(1)(A).

-14-

Mr. Hernandez-Mejia's trial was required to commence under the Speedy Trial Act. Because this period exceeds 70 days, the Act was violated.

To begin with, we can assume that the district court's May 2005 designation of this case as a complex case under 18 U.S.C. § 3161(h)(7)(B)(ii) justified the continuance from January 29 until March 12, 2007, to permit preparation by a new attorney, Edward O. Bustamante, who had been appointed to represent Mr. Hernandez-Mejia on December 12, 2006. But the additional continuance orders entered on March 9, April 16, and May 14, 2007, did not set forth any specific, nonconclusory, reasons why further continuances were necessary. The underlying motions filed by Mr. Bustamante on February 19, April 11, and May 14, likewise merely contained short, boilerplate statements that were conclusory and unsupported by any specific details. These three continuance orders thus failed to comply with this circuit's requirements under the Speedy Trial Act.

Next, the June 13, 2007, order vacated the trial setting of July 16 and granted a continuance until September 17, 2007. But the government's motion for continuance filed on June 11 had informed the district court only that the prosecutor was unavailable for trial from July 8 to July 21, and neither the district court nor the government offered any explanation why the trial needed to be postponed until September. The order entered on June 13 therefore could not toll

the speedy-trial clock. *See Larson*, 2010 WL 5151635, at *4; *Gonzales*, 137 F.3d at 1434-35.

Further, that three of the continuance motions were filed on behalf of Mr. Hernandez-Mejia is not a factor in determining whether the Speedy Trial Act was violated, because "[f]iling a motion to continue the trial date is not a waiver of the defendant's Speedy Trial Act rights." *United States v. Allen*, 603 F.3d 1202, 1208 n.5 (10th Cir. 2010) (citing *Zedner v. United States*, 547 U.S. 489 (2006) and *Williams*, 511 F.3d at 1054-55), *cert. denied*, 2010 WL 4271863 (U.S. Nov. 29, 2010) (No. 10-7249). As this court has explained, "defense responsibility for continuances does not unwind Speedy Trial Act violations. The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'" *Toombs*, 574 F.3d at 1273 (quoting *Zedner*, 547 U.S. at 501); *see also id.* ("[T]he district court and government are no less responsible under the Speedy Trial Act merely because it is a defendant who requests a continuance.").

Finally, although this court has recognized that "the ends-of-justice findings mandated by the [Speedy Trial] Act may be entered on the record after the fact, [so long as they are] not . . . made after the fact," *Williams*, 511 F.3d at 1055 (internal quotation marks omitted); *see Toombs*, 574 F.3d at 1269 (findings must be entered on record before court rules on motion to dismiss), the district court's later order denying Mr. Hernandez-Mejia's motion to dismiss did not set

forth any specific ends-of-justice findings pertaining to the continuance orders entered in 2007.

### C. Remedy

"The sanction for violation of the [Speedy Trial] Act is mandatory dismissal of the indictment." *Williams*, 511 F.3d at 1049 (citing 18 U.S.C. § 3162(a)(2)). "However, the indictment may be dismissed with *or* without prejudice." *Larson*, 2010 WL 5151635, at *5 (citing 18 U.S.C. § 3162(a)(2)). It is "the general practice of this court [to] remand [the] case to the district court to assess whether the dismissal should be with or without prejudice." *Gonzales*, 137 F.3d at 1436. But we have emphasized that "[d]ismissals with prejudice should be reserved for more egregious violations of the Speedy Trial Act." *Larson*, 2010 WL 5151635, at *9 (internal quotation marks omitted).

We remand this action to the district court for a determination of whether the superseding indictment filed in October 2005 should be dismissed with or without prejudice. "[T]he district court retains broad discretion whether to dismiss the indictment with or without prejudice." *Toombs*, 574 F.3d at 1276 (internal quotation marks omitted). "On remand, the district court shall consider the following non-exclusive factors: the seriousness of the offense, the facts and circumstances of the case that led to the dismissal, the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice,

-17-

and prejudice to [Mr. Hernandez-Mejia]."[6] *Larson*, 2010 WL 5151635, at \*9 (citing 18 U.S.C. § 3162(a)(2); additional citations omitted).

## CONCLUSION

We **REVERSE** the district court's denial of Mr. Hernandez-Mejia's pro se motion to dismiss indictment based on a violation of the Speedy Trial Act, and **REMAND** this action for the district court to determine whether the superseding indictment filed in October 2005 should be dismissed with or without prejudice. Further, we **DENY** the motion to withdraw filed by Mark D. Jarmie, Esq. and Jarmie & Associates. Because we reverse and remand based on a violation of the Speedy Trial Act, we do not need to address the additional claims that Mr. Hernandez-Mejia asserted in the pro se brief that he submitted to this court on June 24, 2010.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[6] We emphasize the apparent lack of any prejudice to Mr. Hernandez-Mejia's defense arising from the delay.