**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff–Appellee,

v.

JOHN GAURUDER,

       Defendant–Appellant.

No. 10-4222
(D.C. No. 2:08-CR-00525-CW-2)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HOLLOWAY**, and **TYMKOVICH**, Circuit Judges.

John Gauruder appeals from his conviction for attempted income tax evasion. He argues the district court should have dismissed his indictment under the Speedy Trial Act ("STA") and that it erred in calculating tax loss for sentencing purposes. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

# I

Gauruder was indicted, along with two codefendants, on September 3, 2008. He was charged with one count of attempting to evade income taxes from 1995 to 2001. Gauruder appeared in court and pled not guilty on September 23, 2008. On the same date, Gauruder filed a motion to dismiss based on alleged defects in the grand jury proceeding. The court denied that motion, along with numerous other pretrial motions, at a hearing held on July 22, 2009. This lengthy delay was largely the result of the shifting representation statuses of Gauruder and his codefendants, and of the numerous pro se motions the defendants filed.

Following the July 22 hearing, the district court continued the trial date five times. The court excluded each continuance from the STA clock by written order pursuant to the "ends-of-justice" exception. In April 2010, Gauruder filed a motion to dismiss the indictment in based on a claimed violation of the STA. That motion was denied and trial commenced on May 10, 2010. The jury returned a verdict of guilty. At sentencing, the district court determined that the relevant tax loss was $1,234,609.37. Gauruder received a sentence of 42 months' imprisonment.

# II

The STA generally requires that a defendant's trial begin within 70 days of the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). Several exceptions, however, toll the running of the STA clock. Two such provisions are relevant in this matter. First,

"delay resulting from any pretrial motion" is exempted "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(D). Second, the "ends-of-justice" exception tolls the clock during the period of a continuance "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

In an STA appeal, we review legal issues de novo and factual findings for clear error. United States v. Thompson, 524 F.3d 1126, 1131 (10th Cir. 2008). "We apply an abuse of discretion standard to a district court's decision to grant an ends-of-justice continuance." United States v. Gonzales, 137 F.3d 1431, 1433 (10th Cir. 1998). Gauruder concedes in his opening brief that the STA clock began on September 23, 2008, when he first appeared in court, and was tolled until the court resolved various pretrial motions at the July 22, 2009, hearing. At oral argument, Gauruder further conceded that the district court's five orders tolling the STA clock under the ends-of-justice exception were all permissible.[1] He nevertheless argued that of the 589 days between his first appearance and his trial, 234 days were non-excludable for STA purposes; in other words, Gauruder contends that his trial commenced 164 days after the date prescribed by the STA.

---

[1] When asked where in the record Gauruder has preserved his objections to the orders, counsel responded, "Well actually, I would concede all those delays." Counsel later confirmed, "I'm conceding that the court orders are correct, and they are fine, and they work."

This calculation is incorrect. In the five orders, the district court excluded: (1) the period from June 22, 2009 to October 5, 2009; (2) October 5, 2009 to October 27, 2009; (3) October 27, 2009 to January 26, 2010; (4) January 26, 2010 to April 12, 2010; and (5) April 12, 2010 to May 10, 2010. These five orders cover the entire period from July 22, 2009—when the STA clock would have begun following the district court's disposition of various pretrial motions—to May 10, 2010, when trial commenced. Gauruder has not explained when he believes the 234 non-excludable days occurred, nor can we determine such a period from the record. In light of Gauruder's concessions and under-developed argument, Gauruder has not demonstrated error. See United States v. Wooten, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The Court will not consider such issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." (quotation omitted)).[2]

---

[2] For each continuance, the court entered the order making ends-of-justice findings after the continuance began. For example, the court did not enter its ends-of-justice findings for the continuance beginning April 12, 2010, until April 26. In his brief, Gauruder apparently assumes that the excludable period runs from the date on which the court entered the order rather than the date on which the continuance began. To be sure, ends-of-justice findings must be made "contemporaneously with the granting of the continuance" even if they are "entered on the record after the fact." United States v. Doran, 882 F.2d 1511, 1516 (10th Cir. 1989). Gauruder, however, has not argued that the district court retroactively converted "run-of-the-mill continuances . . . into ends-of-justice continuances." Id. Nor has he shown that the district court's findings were made on the dates the various orders were entered rather than the dates the continuances began. Accordingly, any such argument is waived. See Wooten, 377 F.3d at 1145. In any event, Gauruder identifies only 65 days that fall between the beginning of a continuance and the entry of an ends-of-justice finding, and thus even under this under-developed theory, Gauruder's trial commenced prior to the expiration of the 70-day STA clock.

## III

Gauruder also argues that the district court violated <u>United States v. Booker</u>, 543 U.S. 220 (2005) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), by adopting a tax loss figure for sentencing purposes that was never proven to a jury. This is an argument we have repeatedly rejected. <u>See, e.g.</u>, <u>United States v. Magallanez</u>, 408 F.3d 672, 684 (10th Cir. 2005) ("[W]hen a district court makes a determination of sentencing facts by a preponderance test under the now-advisory Guidelines, it is not bound by jury determinations reached through application of the more onerous reasonable doubt standard."); <u>Wooten</u>, 377 F.3d at 1144 n.1 (<u>Blakely</u> inapplicable unless judge-found facts increase statutory maximum).

## IV

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge