**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

v.

EDUARDO HERNANDEZ-MEJIA,
a/k/a Lalo,

              Defendant - Appellant.

No. 12-2058
(D.C. No. 1:11-CR-00905-JB-1)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

In this direct appeal, Defendant-Appellant Eduardo Hernandez-Mejia

challenges the 132-month sentence imposed by the district court for Mr.

Hernandez-Mejia's role in a drug distribution network on the grounds that the

district court erred in (1) awarding a two-level enhancement under United States

---

[*]        This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

        After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1) for possession of a firearm during the commission of a drug offense, and (2) awarding a three-level enhancement under U.S.S.G. § 3B1.1(b) for Mr. Hernandez-Mejia's role in the offenses. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we **affirm**.

**I**

The parties are familiar with the facts and procedural history of this case, and we need not restate either at length. During the course of an investigation into heroin distribution networks in Albuquerque, New Mexico, agents from the Drug Enforcement Administration ("DEA") identified Mr. Hernandez-Mejia as a high-level cocaine and heroin distributor. On October 7, 2004, the DEA obtained authorization to place a wiretap on a telephone used by Mr. Hernandez-Mejia. Between September 14, 2004, and March 17, 2005, the wiretap disclosed that Mr. Hernandez-Mejia participated in twenty-seven conversations that involved sales of 6,551.9 grams of heroin and 55.3 grams of cocaine.

Mr. Hernandez-Mejia was indicted for his role in the drug distribution network and pleaded guilty, without a plea agreement, to: (1) one count of conspiracy to possess with intent to distribute more than one kilogram of heroin and less than 500 grams of cocaine in violation of 21 U.S.C. § 846; (2) one count of distributing less than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (3) five counts of using a telephone to facilitate a

drug trafficking offense in violation of 21 U.S.C. § 843(b).[1]  At Mr. Hernandez-Mejia's sentencing hearing, the district court confirmed that Mr. Hernandez-Mejia's attorney had received the Presentence Investigation Report ("PSR") and that there were "no issues in dispute."  Aplt. App., Vol. 1, at 75 (Tr. of Sentencing Hr'g, dated Dec. 12, 2011).  In accordance with the recommendations in the PSR, the district court awarded (1) a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on the fact that a .45 caliber semi-automatic pistol had been found during a search of Mr. Hernandez-Mejia's residence, and (2) a three-level role adjustment under U.S.S.G. § 3B1.1(b) based on the district court's determination that Mr. Hernandez-Mejia had been a "manager in the conspiracy which consisted of five or more participants."  *Id.*, Vol. 2, at 31 (PSR, re-disclosed Oct. 18, 2011) (emphasis omitted).  Mr. Hernandez-Mejia now argues that the district court erred in awarding these enhancements.

---

[1]  Mr. Hernandez-Mejia was previously convicted by a jury on these same charges and sentenced to 178 months' imprisonment.  In connection with this sentence, the district court entered a thorough memorandum opinion and order explaining its reasons for imposing the sentencing enhancements now at issue.  However, on appeal, we reversed the conviction based on a violation of the Speedy Trial Act, ordered that the indictment be dismissed, and remanded to the district court to determine whether the dismissal should be with or without prejudice.  *See United States v. Hernandez-Mejia*, 406 F. App'x 330 (10th Cir. 2011).  The court elected to dismiss the indictment without prejudice.  The government then returned to the grand jury and obtained the indictment and convictions underlying this appeal.

## II

Mr. Hernandez-Mejia concedes that because he failed to challenge the sentencing enhancements before the district court his claims are only entitled to review under the demanding plain-error standard. *See* Aplt. Opening Br. at 9, 18. Under plain-error review, we will vacate a sentence if the enhancement at issue is "(1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. DeChristopher*, 695 F.3d 1082, 1091 (10th Cir. 2012).

Mr. Hernandez-Mejia first argues that the enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm was plain error because the PSR failed to set forth adequate support for the enhancement. *See* Aplt. Opening Br. at 10–14. Section 2D1.1(b)(1) provides that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." U.S.S.G. § 2D1.1(b)(1). Mr. Hernandez-Mejia concedes that he was arrested at a residence and that a gun was found at that same residence; however, he argues that "this should be insufficient to warrant a substantial increase in a sentence." Aplt Opening Br. at 12. This argument is unpersuasive.

In a lengthy memorandum issued in connection with Mr. Hernandez-Mejia's original sentence,[2] the district court fully addressed Mr. Hernandez-

---

[2] As noted, *supra* note 1, Mr. Hernandez-Mejia's original criminal judgment was vacated for violations of the Speedy Trial Act.

Mejia's claim that the two-level adjustment under § 2D1.1(b)(1) was unwarranted.
As the district court noted:

> The gun was found in Mr. Hernandez-Mejia's house during a time period in which he was engaged in a narcotics conspiracy. Furthermore, the house in which the gun was discovered has several connections to that drug conspiracy. These connections can establish that the gun was possessed during the course of the conspiracy. The federal agents who searched Hernandez-Mejia's house found not only the gun, but also an electronic scale and papers with the contact information of his co-conspirators. Additionally, the trial evidence indicated that the house was the center of the financial activity underpinning the conspiracy.

Aplee. Supp. App. at 25 (Mem. Op. & Order, filed Nov. 19, 2008) (citations omitted). These findings are sufficient to support a two-level enhancement under § 2D1.1(b)(1). *See, e.g.*, *United States v. Sallis*, 533 F.3d 1218, 1225 (10th Cir. 2008) (concluding that an enhancement was proper where the government demonstrated that "a temporal and spatial relation existed between the weapon, the drug trafficking activity and the defendant" (quoting *United States v. Pompey*, 264 F.3d 1176, 1180 (10th Cir. 2001)) (internal quotation marks omitted)); *United States v. Flores*, 149 F.3d 1272, 1280 (10th Cir. 1998) (holding that the enhancement was proper where "the weapon was located nearby the general location where drugs or drug paraphernalia are stored or where part of the transaction occurred" (citation omitted) (internal quotation marks omitted)). Accordingly, the district court did not commit error.

Mr. Hernandez-Mejia next argues that the district court committed plain error when it imposed a three-level sentencing enhancement under U.S.S.G. § 3B1.1(b) for Mr. Hernandez-Mejia's role in the offenses of conviction. Because Mr. Hernandez-Mejia cannot show error, much less plain error, this argument also fails.

An individual's offense level may be enhanced by three levels where "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). To qualify for this enhancement, the defendant only needs to occupy the role of manager or supervisor with respect to one criminal participant. *See id.* § 3B1.1 cmt. n.2; *United States v. Aptt*, 354 F.3d 1269, 1286 (10th Cir. 2004) (discussing evidence of "at least one participant" who was "subordinate" to the defendant).

In the sentencing memorandum issued in connection with Mr. Hernandez-Mejia's original sentence, the district court made specific findings concerning Mr. Hernandez-Mejia's role in the conspiracy. Specifically, with reference to the trial transcript, the district court found that the conspiracy involved more than five participants and that Mr. Hernandez-Mejia was a manager of at least one participant in the conspiracy, Sergio Delgado. With these findings in mind, we conclude that Mr. Hernandez-Mejia cannot show that the district court erred, much less plainly erred, in assessing a three-level adjustment under § 3B1.1(b).

## III

For the foregoing reasons, we **affirm** Mr. Hernandez-Mejia's sentence.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge